2012 ND 162

**Scott Alan KRUCKENBERG,
Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20110333.

Supreme Court of North Dakota.

Aug. 1, 2012.

 

Kent M. Morrow, Bismarck, N.D., for petitioner and appellant; submitted on brief.

Lloyd C. Suhr, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee; submitted on brief.

MARING, Justice.

[¶ 1] Scott Kruckenberg appeals from the trial court's November 4, 2011, order denying his application for post-conviction relief. We reverse and remand the trial court's order denying Kruckenberg's application for post-conviction relief to allow the trial court to make detailed findings of fact and conclusions of law and to address Kruckenberg's arguments that his sentence was imposed in violation of N.D.C.C. § 12.1–32–09, North Dakota's habitual offender statute and that his attorney was ineffective for failing to raise the issue.

I

[¶ 2] In May 2007, Kruckenberg was charged with delivery of methamphetamine. The State filed a notice of intent to seek habitual offender finding on January 16, 2008, alleging Kruckenberg had previously been convicted of three other methamphetamine-related felonies. On March 12, 2008, the State filed an amended notice of intent to seek habitual offender finding and a jury trial was held. The amended notice was the same in all respects as the original notice, except it excluded one of the previously alleged prior convictions. Kruckenberg was subsequently convicted of delivery of methamphetamine. Following the trial, a bifurcated hearing was held. At the hearing, the trial court first found Kruckenberg was a habitual offender and then sentenced him to twenty-five years' imprisonment. Kruckenberg appealed his conviction, and this Court affirmed. *State v. Kruckenberg*, 2008 ND 212, 758 N.W.2d 427.

[¶ 3] On September 16, 2010, Kruckenberg, self-represented, filed an application for post-conviction relief, alleging ineffective assistance of counsel, and the State answered. On December 20, 2010, with the aid of counsel, Kruckenberg filed an amended application for post-conviction relief. In the amended application, Kruckenberg alleged his rights were violated by the State's improper use of a mandatory minimum sentence and disproportionate reliance on the habitual offender statute. Kruckenberg filed an addendum to his application for post-conviction relief on March 18, 2011. In the addendum, Kruckenberg complained his sentence was imposed in violation of the laws of North Dakota and that the State, in five different respects, had failed to comply with the requirements of the habitual offender statute. Kruckenberg argued the sentence was imposed in violation of the laws of North Dakota because he was not given adequate notice of the amended notice of intent to seek a habitual offender finding; no authenticated copies of prior judgments against him were introduced; a separate hearing on habitual offender status was not held; a presentence investiga-

tion was not conducted; and the notice and amended notice of intent to seek habitual offender finding inaccurately stated Kruckenberg's prior convictions occurred in Stutsman County. The court held a hearing and subsequently entered an order denying Kruckenberg's ·application· for post-conviction relief.

[¶ 4] On appeal, Kruckenberg argues the trial court erred by denying his application for post-conviction relief without addressing his claims of an illegal sentence resulting from alleged defects in the amended notice of intent to seek habitual offender finding, and the court erred by not determining he received ineffective assistance of counsel because his counsel failed to object to the alleged defects in the amended notice of intent to seek habitual offender finding.

## II

[¶ 5] " 'Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure.' " *Delvo v. State*, 2010 ND 78, ¶ 10, 782 N.W.2d 72 (quoting *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900). "This court applies the 'clearly erroneous' standard set forth in Rule 52(a), N.D.R.Civ.P., when reviewing a trial court's findings of fact on an appeal from a final judgment or order under the Uniform Post–Conviction Procedure Act." *State v. Foster*, 1997 ND 8, ¶ 18, 560 N.W.2d 194 (citing *State v. Skaro*, 474 N.W.2d 711, 716 (N.D.1991)). " 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.' " *Kamara v. State*, 2003 ND 179, ¶ 7, 671 N.W.2d 811 (quoting *DeCoteau v. State*, 2000 ND 44, ¶ 10, 608 N.W.2d 240). How-

ever, ineffective assistance "of counsel is a mixed question of law and fact" and is "fully reviewable by this court without the restraints of Rule 52(a), N.D.R.Civ.P." *Foster*, 1997 ND 8, ¶ 18, 560 N.W.2d 194.

## III

[¶ 6] Kruckenberg argues the trial court erred by failing to address issues related to the amended notice of intent to seek habitual offender finding and his counsel provided ineffective assistance by failing to object to the alleged defects in the amended notice of intent to seek habitual offender finding.

### A

[¶ 7] Under Rule 52(a) of the North Dakota Rules of Civil Procedure, in an action without a jury, "the court must find the facts specially and state its conclusions of law separately." "The court must specifically state the facts upon which its ultimate conclusion is based[.]" *Matter of R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771. However, "[a] lack of specificity alone does not make findings of fact clearly erroneous." *City of Fargo v. Salsman*, 2009 ND 15, ¶ 9, 760 N.W.2d 123. A court's findings of fact may be sufficient under N.D.R.Civ.P. 52(a), "if they provide this Court with an understanding of the district court's factual basis used in reaching its decision." *Id.* A court "errs as a matter of law" when it fails to make sufficient findings. Matter of R.A.S., 2008 ND 185, ¶ 8, 756 N.W.2d 771.

[¶ 8] In his addendum to application for post-conviction relief, Kruckenberg argued his sentence was imposed in violation of the laws of North Dakota. *See* N.D.C.C. § 29–32.1–01(1)(a). Kruckenberg identified five instances in which he claimed the State did not sufficiently comply with N.D.C.C. § 12.1–32–09, North Dakota's habitual offender statute:

1. There was no adequate notice of the Amended Notice, dated March 11, 2008, the same day as the sentencing[.]
2. No *authenticated* copies of prior judgment[s] were introduced.
3. There was no separate hearing on the notice.
4. There was no presentence investigation conducted prior to the hearing on the notice, as mandated by statute.
5. The notice inaccurately advised the [c]ourt that the prior sentences or convictions occurred in Stutsman County, when no such convictions, as described, pertained to Defendant.

Kruckenberg argues the trial court erred by failing to address these issues. In response, the State concedes "the trial court's Order denying [Kruckenberg's] application does not specifically address his arguments about the habitual offender notice." However, the State argues the trial court's findings merely lack specificity but remain sufficient to "provide this Court with an understanding of the factual basis relied upon" by the trial court.

[¶ 9] Nowhere in the trial court's order denying Kruckenberg's application for post-conviction relief are the alleged failures of the State to comply with the requirements of North Dakota's habitual offender statute mentioned. Rather, the trial court confines its findings and conclusions to Kruckenberg's ineffective assistance of counsel claim related to the representation Kruckenberg received during his initial trial. We reverse and remand, concluding the trial court failed to make sufficient findings and conclusions to allow proper appellate review of its decision.

## B

[¶ 10] Kruckenberg argues he received ineffective assistance because his counsel failed to object to the alleged defects in the amended notice of intent to seek habitual offender finding. In *Murchison v. State*, this Court explained the requirements a defendant must meet for an ineffective assistance of counsel claim to succeed:

[A] defendant "has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance." "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" To prevail on an ineffective assistance of counsel claim, "the defendant must first overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" "Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight."

"To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result." "A reasonable probability is a probability sufficient to undermine confidence in the outcome...."

2011 ND 126, ¶ 8, 799 N.W.2d 360 (quoting *State v. Myers*, 2009 ND 141, ¶¶ 14–15, 770 N.W.2d 713); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[¶ 11] Because the trial court did not determine whether the State properly complied with the requirements of North Dakota's habitual offender statute, it also did not address Kruckenberg's argument

that his counsel provided ineffective assistance by failing to object to the State's allegedly deficient compliance. We, therefore, cannot properly review this issue and reverse and remand it to the trial court for its findings and conclusions of law.

## IV

[¶ 12]  We reverse the trial court's order denying Kruckenberg's application for post-conviction relief and remand to allow the trial court to make detailed findings of fact and conclusions of law and to address Kruckenberg's argument that his sentence was imposed in violation of N.D.C.C. § 12.1–32–09, North Dakota's habitual offender statute. We also remand the issue of ineffective assistance of counsel to the extent it is implicated by the court's decision regarding compliance with the requirements of N.D.C.C. § 12.1–32–09.

[¶ 13]  GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., ALLAN SCHMALENBERGER, S.J., concur.

[¶ 14]  The Honorable Allan Schmalenberger, S.J., sitting in place of Sandstrom, J., disqualified.