2013 ND 25

**Darin Wayne DAHL, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

Nos. 20120209, 20120211.

Supreme Court of North Dakota.

Feb. 26, 2013.

Rehearing Denied April 4, 2013.

Kent M. Morrow, Bismarck, N.D., for petitioner and appellant.

Charles A. Stock, State's Attorney, Crookston, MN, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Darin Dahl appealed from a district court order denying his application for post-conviction relief. Dahl argues his trial counsel was ineffective for failing to request a bifurcated trial under N.D.C.C. § 12.1–04.1–16 and for failing to request the verdict form reflect the possibility of a finding of "not guilty by reason of lack of criminal responsibility." We affirm.

I

[¶ 2] In 2008, Dahl was the suspect of a police standoff in a rural Steele County residence. Dahl shot at police officers during the standoff, and he was subsequently charged with reckless endangerment and attempted murder.

[¶ 3] Before trial, the district court ordered Dahl be committed to the State Hospital for a mental evaluation. After a competency hearing, the court concluded Dahl was competent to stand trial. Dahl filed notice of his intent to raise a defense based on lack of criminal responsibility by reason of mental disease or defect. Dahl did not request a bifurcated trial under N.D.C.C. § 12.1–04.1–16, which would have allowed the commission of the alleged offenses to be tried separately from the lack of criminal responsibility issue.

[¶ 4] A jury trial was held. Dahl submitted proposed jury instructions, including an instruction on the lack of criminal responsibility as a defense. The court included Dahl's requested instruction about the defense of lack of criminal responsibility in the final instructions given to the jury and also included three forms of verdict for each offense, which would allow the jury to find Dahl "guilty," "not guilty," or "not guilty by reason of lack of criminal responsibility." The jury found Dahl guilty of attempted murder and reckless endangerment. Dahl appealed. This Court affirmed Dahl's convictions, holding the district court did not err in finding Dahl was competent to stand trial, it was not obvious error for the court to fail to reevaluate Dahl's competency during trial, any error in allowing the admission of a witness's statement at the competency hearing when the witness was not present was not obvious error and did not affect Dahl's substantial rights, and there was sufficient evidence to sustain his convictions. *State v. Dahl*, 2010 ND 108, 783 N.W.2d 41.

[¶ 5] In 2011, Dahl applied for post-conviction relief, alleging he received ineffective assistance of counsel because his trial counsel failed to object to the admission of a witness's statements at the competency hearing, present evidence of his diminished mental capacity, and object when Dahl was required to wear a standard prison uniform during trial. He argued his trial counsel was also ineffective for failing to request a bifurcated trial and to request a verdict form that included an option to find Dahl "not guilty by reason of lack of criminal responsibility." Dahl also claimed his appellate counsel was ineffective, he was denied a fair trial because hearsay evidence was admitted, he was denied a fair trial because he was handcuffed and shackled throughout trial, and there was new evidence. After an evidentiary hearing, the district court denied his application.

II

[¶ 6] Dahl argues the district court erred in denying his claims for ineffective assistance of counsel. Dahl contends his trial counsel was ineffective for failing to request a bifurcated trial under N.D.C.C. § 12.1–04.1–16 and for failing to request a verdict form to reflect the possibility of not guilty by reason of lack of criminal responsibility.

[¶ 7] In post-conviction cases, this Court applies the clearly erroneous standard of review to the district court's findings. *Kruckenberg v. State*, 2012 ND 162, ¶ 5, 820 N.W.2d 314. However, ineffective assistance of counsel is a mixed question of fact and law, which is fully reviewable on appeal. *Id.*

[¶ 8] In *Kruckenberg*, this Court explained the requirements a post-conviction applicant must meet to succeed on an ineffective assistance of counsel claim:

[A] defendant has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. Effectiveness of counsel is measured by an objective standard of reasonableness considering prevailing professional norms. To prevail on an ineffective assistance of counsel claim, the defendant must first overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight.

To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result. A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . .

2012 ND 162, ¶ 10, 820 N.W.2d 314 (quoting *Murchison v. State*, 2011 ND 126, ¶ 8, 799 N.W.2d 360) (quotations omitted).

### A

[¶ 9] Dahl contends he received ineffective assistance of counsel because his trial counsel failed to request a bifurcated trial. He claims he had the right to have the commission of the offenses tried separately from the issue of lack of criminal responsibility and he was prejudiced by the failure to give the jury an opportunity to decide each issue separately.

[¶ 10] The district court denied Dahl's ineffective assistance claim finding trial counsel's decision not to request bifurcation did not fall below an objective standard of reasonableness because the decision was a trial strategy. The court found counsel may have believed the strongest evidence of Dahl's lack of criminal responsibility was the way Dahl behaved during the standoff and his best chance of succeeding on the defense was for the jury to hear the entire story.

[¶ 11] On appeal, we do not second guess matters of trial strategy or impose the distorting effect of hindsight. *Noorlun v. State*, 2007 ND 118, ¶ 14, 736 N.W.2d 477. Although a counsel's decision whether to request bifurcation may be trial strategy, the evidence does not support the court's finding that it was in this case. Dahl's trial counsel testified at the post-conviction evidentiary hearing that he knew a trial could be bifurcated but that it did not come to his attention to request bifurcation in this case. The evidence, therefore, does not support the court's finding that the decision not to request a bifurcated trial was trial strategy. However, we will not set aside the correct result merely because the district court's reasoning was incorrect, if the result is the same under the correct law and reasoning. *Roth v. State*, 2007 ND 112, ¶ 17, 735 N.W.2d 882.

[¶ 12] Section 12.1–04.1–16, N.D.C.C., provides for bifurcation when there is an issue of lack of criminal responsibility and states, "Upon application of the defendant,

the court may order that issues as to the commission of the alleged offense be tried separately from the issue of lack of criminal responsibility." The statute requires the defendant apply for bifurcation and states the court "may order" the issues be tried separately. The plain language of the statute does not require a bifurcated trial or state a defendant is entitled to one upon request.

[¶ 13] In enacting N.D.C.C. ch. 12.1–04.1, the legislature adopted portions of the Uniform Law Commissioners' Model Insanity Defense and Post–Trial Disposition Act.1985 N.D. Sess. Law ch. 173. The comment to section 701 of the Model Act, which contains the same language as N.D.C.C. § 12.1–04.1–16, states that the provision does not indicate a preference for trying the issues together or separately; rather, the provision was included for any state that wished to allow bifurcation in the trial court's discretion. Model Insanity Defense & Post–Trial Disp. Act § 701 cmt., 11 U.L.A. 151 (2003).

[¶ 14] Dahl did not have a right to have the issues tried separately and he has not established that his counsel's conduct fell below an objective standard of reasonableness. Moreover, Dahl fails to allege how the outcome of the trial would have been different.

[¶ 15] The prejudice element of ineffective assistance of counsel requires the applicant for post-conviction relief establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Smestad v. State,* 2011 ND 163, ¶ 11, 801 N.W.2d 691. " 'A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.' " *Id.* (quoting *Flanagan v. State,* 2006 ND 76, ¶ 10, 712 N.W.2d 602). Citing *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), Dahl argues he was prejudiced because he

was deprived of a substantive or procedural right that he was entitled to under the law and the jury did not have an opportunity to decide each issue separately. However, *Williams* is different from this case. In *Williams* the defendant was denied effective assistance of counsel when his trial attorney failed to investigate and present substantial mitigating evidence to the sentencing jury. *Id.* at 393–99, 120 S.Ct. 1495. The Court held the defendant had a constitutional right to provide mitigating evidence, his counsel either failed to discover or to offer any mitigating evidence, there was mitigating evidence favorable to the defendant, and a reasonable probability existed that the result of the sentencing phase would have been different if the jury had heard the mitigating evidence. *Id.*

[¶ 16] Dahl does not argue that he had a constitutional right to a bifurcated trial. Rather, the district court has discretion under N.D.C.C. § 12.1–04.1–16 in deciding whether to grant a defendant's request for a bifurcated trial. Dahl did not have a right to have the issues tried separately, and the district court would have had discretion in deciding whether to grant a request for bifurcation. Furthermore, Dahl has failed to explain how the result of his trial would have been different if his counsel had requested bifurcation. Dahl was permitted to argue and present evidence that he lacked criminal responsibility and the jury was given an instruction that lack of criminal responsibility was a defense. Dahl has failed to establish that there is a reasonable probability the result of his trial would have been different if his counsel had requested a bifurcated trial.

B

[¶ 17] Dahl claims he received ineffective assistance of counsel because his trial counsel failed to request a verdict form that included an option to find him "not

guilty by reason of lack of criminal responsibility." He contends the jury was given an instruction that lack of criminal responsibility is a defense but the instructions did not give the jury a choice to find him not guilty by reason of lack of criminal responsibility. He claims the prejudice is obvious.

[¶ 18] In reviewing the district court's decision, this Court noted the final jury instructions were not a part of the electronic record. Dahl's proposed jury instructions were in the record and included an instruction that the lack of criminal responsibility was a defense. Dahl's proposed instructions also included an instruction that two forms of verdict would be submitted to the jury; one form for finding the Defendant "guilty" and the other for finding the Defendant "not guilty." Dahl's ineffective assistance claim is based on the proposed instructions, which he indicated were the final instructions given to the jury.

[¶ 19] Neither appellate counsel nor the State's Attorney advised either this Court or the district court that the final jury instructions were not included in the record or that the proposed instructions were not the final instructions given to the jury. The district court also did not notice the final instructions were not included in the record. Rather, the court based its decision on the proposed instructions. The court ruled trial counsel's conduct did not fall below an objective standard of reasonableness by failing to request a special verdict form because counsel argued for a not-guilty verdict at trial based on a lack of criminal responsibility, he requested and a jury instruction was given that the lack of criminal responsibility was a defense, the jury instruction would allow the jury to reach a not guilty verdict, and counsel could reasonably believe it would be advantageous for Dahl to be found "not

guilty" instead of "not guilty by reason of lack of criminal responsibility."

[¶ 20] This Court advised the parties that the final jury instructions were not filed in the record, the record was not complete, and referred counsel to N.D.R.App.P. 10(h) for supplementing the record. Dahl's attorney moved to amend the record to "include the attached jury instructions, which were inadvertently not filed with the Appellant's Appendix." A copy of the final jury instructions dated June 5, 2009, and signed by the trial judge was attached to the motion. The district court granted the motion.

[¶ 21] We reviewed the final instructions attached to Dahl's motion and we noted they included an instruction on lack of criminal responsibility as a defense, but we also noted the instructions were significantly different from the instructions the parties indicated were given to the jury. Most importantly, the final instructions included three forms of verdict for each offense, which allowed the jury to find Dahl "guilty," "not guilty," or "not guilty by reason of lack of criminal responsibility" for each charge. The instructions further provided:

> Three forms of verdict will be submitted for each charge; one a form for finding the Defendant "Guilty," one form for finding the Defendant "Not Guilty" and another form for finding the Defendant "Not Guilty" by reason of lack of criminal responsibility. You will return only one form of verdict for each charge.

The final instructions also included an instruction about the duty of the jury and specified how the jury should determine which of the three verdicts was the correct verdict based on the essential elements of each offense. The instructions included the defendant's defense of lack of criminal responsibility as one of the essential ele-

ments for both the reckless endangerment and attempted murder charges, stating:

> The State's burden of proof is satisfied only if the evidence shows, beyond a reasonable doubt, ... [t]he Defendant had substantial capacity to comprehend the harmful nature or consequences of his conduct and the conduct was not the result of a loss or serious distortion of the Defendant's capacity to recognize reality.

[¶ 22] Because the district court granted Dahl's motion to supplement the record with these instructions, we remanded the case to the district court under N.D.R.App.P. 35(a)(3) for an explanation of whether Dahl's ineffective assistance issue has merit and whether the issue was decided without considering the final instructions given to the jury. On remand, the district court ruled "this Court did instruct the jury in the manner in which Mr. Dahl, in this motion, claims that it should have. Therefore, this claim has no merit."

[¶ 23] Despite the fact the final jury instructions included a verdict form that allowed the jury to find Dahl "not guilty by reason of lack of criminal responsibility," Dahl's counsel has not withdrawn this issue on appeal. In light of the record, we conclude the issue is frivolous and without merit, and we affirm the district court's decision.

### III

[¶ 24] In his supplemental brief, Dahl raises multiple issues. Dahl claims he received ineffective assistance of counsel because his trial counsel failed to object to the admission of a witness's statement at the competency hearing when the witness did not appear at the hearing, his counsel failed to argue he was not competent to stand trial, his counsel failed to object when Dahl was required to wear a standard prison uniform during the trial, and his counsel failed to object when Dahl was not physically present in the courtroom during the trial. Dahl contends his appellate counsel was also ineffective for failing to raise issues on appeal. He also argues that there is newly discovered evidence and that he was denied a fair trial because hearsay evidence was admitted during the competency hearing and because he was visibly handcuffed and shackled throughout the trial.

[¶ 25] Some of these issues were raised and addressed in Dahl's prior appeal. *See Dahl,* 2010 ND 108, 783 N.W.2d 41. We have considered the remaining issues and we conclude they are either without merit or insufficiently raised and do not affect the outcome of this case.

### IV

[¶ 26] We affirm the district court order denying Dahl's application for postconviction relief.

[¶ 27] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.