2003 ND 38

**Kenneth MURCHISON, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20020273.

Supreme Court of North Dakota.

March 5, 2003.

Kenneth Murchison, pro se, Bismarck, ND, petitioner and appellant.

Tyrone Jay Turner, Assistant State's Attorney, Burleigh County Courthouse, Bismarck, ND, for respondent and appellee.

MARING, Justice.

[¶ 1] Kenneth Murchison appeals from the August 29, 2002, summary disposition of his third Application for Post–Conviction Relief. We affirm.

I

[¶ 2] On July 21, 1995, Murchison was convicted of Conspiracy to Deliver a Controlled Substance, a class A felony. On January 11, 1996, the Criminal Judgment was filed sentencing Murchison to 15 years. Murchison appealed from the Criminal Judgment to this Court ("direct appeal"), claiming insufficiency of the evidence. We summarily affirmed the judgment of conviction in *State v. Murchison*, 562 N.W.2d 104 (N.D.1996).

[¶ 3] While the direct appeal was pending, Murchison moved for appointment of counsel. We directed the matter to the trial court to review whether appointment of counsel was appropriate. On June 26, 1996, the trial court declined to appoint another attorney for Murchison. On July 9, 1996, Murchison appealed from the June 26, 1996, Memorandum Opinion and Order, denying him counsel. Murchison took no further action, and on December 4, 1996, we dismissed Murchison's appeal from the order denying him counsel for failure to proceed.

[¶ 4] On November 13, 1996, Murchison filed his first Application for Post–Conviction Hearing. In the application, he claimed that his conviction should be overturned because the trial court lost jurisdiction when it failed to hear his case within 90 days. The trial court entered its Memorandum Opinion and Order on November 27, 1996, and a supplement to that opinion on November 29, 1996, denying Murchison's post-conviction application. Murchison did not appeal.

[¶ 5] On November 24, 1997, Murchison filed his second Application for Post–Conviction Hearing. In this application, Murchison argued lack of jurisdiction, failure to disclose favorable evidence, ineffective assistance of counsel, and insufficient audio evidence. Murchison was appointed an attorney, and on February 13, 1998, an Amended Application for Post–Conviction Relief was filed. The amended application included only the claims of lack of jurisdiction and ineffective assistance of counsel. At the March 30, 1998, hearing, counsel for Murchison withdrew the post-conviction application. The trial court granted the withdrawal of the post-conviction application without prejudice on April 13, 1998. Another attorney was appointed on May 25, 2000. Apparently, no further action had been taken on Murchison's post-conviction application since it had been withdrawn, so the trial court judge asked this attorney to review the status of the file. The attorney told the judge that the post-conviction action was decided by the Supreme Court in *Murchison v. State*, 1998 ND 96, 578 N.W.2d 514. That particular case, however, did not deal with Murchison's Conspiracy to Deliver charge, but rather, his Delivery of Marijuana charge.[1]

---

1. Murchison was convicted in March 1995 for

Delivery of Marijuana. In April 1995, Murchi-

Relying on this misinformation, the trial judge filed an Order for Dismissal on May 31, 2001. On June 11, 2001, Murchison appealed, challenging the May 31, 2001, Order for Dismissal. We dismissed this appeal on August 22, 2001.

[¶ 6] The current appeal stems from Murchison's third Application for Post–Conviction Relief, filed on July 8, 2002. In this application, Murchison presented three claims: (1) he was denied due process because the trial court did not conduct a psychological evaluation prior to sentencing and because the hearing was conducted in open court; (2) he was denied effective assistance of counsel on appeal; and (3) he was denied a fast and speedy trial. On August 29, 2002, the trial court dismissed the application. Murchison appealed on October 1, 2002.

[¶ 7] We conclude that all of the claims contained in Murchison's third Application for Post–Conviction Relief come within N.D.C.C. § 29–32.1–12. Therefore, the trial court's dismissal of Murchison's third post-conviction application was proper.

## II

[¶ 8] According to N.D.C.C. § 29–32.1–09(1), a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. This Court reviews an appeal from a summary denial of post-conviction relief in the same way that it reviews appeals from summary judgment. *See Whiteman v. State*, 2002 ND 77, ¶ 7, 643 N.W.2d 704. "The party opposing the motion for summary disposi-

tion is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.* (citation omitted). Further, this Court has explained:

> If the moving party establishes there is no genuine issue of material fact the burden shifts to the nonmoving party to show a genuine issue of fact exists. The resisting party may not merely rely on pleadings or unsupported conclusory allegations. Rather, the resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.

*Syvertson v. State*, 2000 ND 185, ¶ 13, 620 N.W.2d 362 (citations omitted).

### A

[¶ 9] Murchison first contends he was denied due process of law because the trial court did not conduct a psychological evaluation prior to his sentencing and because the hearing was held in open court.

[¶ 10] Section 29–32.1–12(2)(a), N.D.C.C., allows a court to deny a post-conviction application on the grounds of misuse of process when a defendant inexcusably fails to pursue an issue leading to judgment of conviction, inexcusably fails to pursue an issue on appeal having raised the issue in the trial court, or inexcusably fails to raise an issue in an initial post-conviction proceeding. *See Hughes v. State*, 2002 ND 28, ¶ 11, 639 N.W.2d 696.

[¶ 11] Murchison could have raised this due process argument before, either in his

---

son directly appealed the conviction. We affirmed in *State v. Murchison*, 541 N.W.2d 435 (N.D.1995). Murchison then applied for Post–Conviction Relief on the marijuana charge. The application was denied and Murchison appealed. We affirmed in *Murchi-*

son *v. State*, 1998 ND 96, 578 N.W.2d 514, finding that all of the claims had been fully and finally adjudicated in previous proceedings or that the claims should have been raised on direct appeal.

direct appeal or in his first Application for Post–Conviction Hearing. Therefore, under N.D.C.C. § 29–32.1–12(2)(a), Murchison has misused the post-conviction process because he inexcusably failed to raise this claim previously. *See Heyen v. State,* 2001 ND 126, ¶ 19, 630 N.W.2d 56. He may not raise this issue now. *See id.*

B

[¶ 12] Murchison next contends he was denied effective assistance of counsel. Specifically, Murchison claims attorney Ross Espeseth "only provided minimal resistance to any and all proposals by the State before the Court," and attorney Gregory Runge "did refuse to raise the objections and issues of record Pre–Trial and during Trial the Defendent [sic] ask[ed] Him to raise on His initial Appeal."

[¶ 13] Espeseth was appointed to Murchison's case on May 27, 1994. He represented Murchison throughout trial and filed the January 19, 1996, Notice of Appeal. Espeseth moved the Court to withdraw from the case on March 5, 1996. The motion was granted on March 6, 1996. Runge entered his Notice of Appearance in this case on March 29, 1996. On June 5, 1996, Murchison moved the Court to assign him an attorney to replace Runge since there were "irreconcilable differences" between them. Apparently, Runge's representation of Murchison terminated at this point, as Murchison subsequently proceeded pro se in his direct appeal. These two attorneys that Murchison deems "ineffective" were both discharged by Murchison before he filed his first Application for Post–Conviction Hearing on November 13, 1996. Any complaints Murchison may have had with respect to these two attorneys could have been raised in his first Application for Post–Conviction Hearing. Again, because Murchison inexcusably failed to raise this issue in his initial post-conviction application, it is a misuse of process under

N.D.C.C. § 29–32.1–12(2)(a) to raise it in a subsequent application. *See Silvesan v. State,* 1999 ND 62, ¶ 12, 591 N.W.2d 131. He may not raise this issue now. *See id.*

C

[¶ 14] Finally, Murchison contends he was denied a fast and speedy trial.

[¶ 15] Section 29–32.1–12(1), N.D.C.C., allows a court to deny a post-conviction application on the grounds of res judicata if the same claims have been fully and finally determined in a previous proceeding. *See Hughes,* 2002 ND 28, ¶ 8, 639 N.W.2d 696.

[¶ 16] Murchison raised the speedy trial argument in his first Application for Post–Conviction Hearing. When that application was denied by the trial court, Murchison did not appeal. Murchison has had this issue fully and finally determined in a previous proceeding. *See Murchison,* 1998 ND 96, ¶ 11, 578 N.W.2d 514 (holding that when no appeal was taken from an initial application for post-conviction relief, the claims were fully and finally determined in that previous proceeding). The doctrine of res judicata cannot be avoided when a post-conviction applicant raises contentions which are "simply variations" of previous arguments. *See Syvertson,* 2000 ND 185, ¶ 16, 620 N.W.2d 362. Murchison may not raise this issue again. *See id.*

[¶ 17] We affirm the trial court's summary disposition of Murchison's third Application for Post–Conviction Relief.

[¶ 18] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.