2007 ND 96

**Kevin Deon MOORE, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20060224.

Supreme Court of North Dakota.

June 26, 2007.

Jay Ryan Greenwood, North Dakota Public Defenders' Office, Dickinson, N.D., for petitioner and appellant.

Michael T. Pitcher (argued), Legal Intern and third-year law student, under the Rule on Limited Practice of Law by Law Students, and Mark Jason McCarthy (appeared), Assistant State's Attorney, Grand Forks, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Kevin Deon Moore appeals from a district court order denying his application for post-conviction relief under N.D.C.C. ch. 29–32.1. We affirm, concluding the district court did not err in denying Moore's application for post-conviction relief.

I

[¶ 2] In March 2004, Moore was charged with attempted murder and terrorizing for allegedly entering the kitchen at a Grand Forks restaurant where his wife was working and repeatedly stabbing her. In February 2005, Moore pled guilty to attempted murder as a part of a plea agreement in which the State agreed to drop terrorizing charges against him. Under the plea agreement, Moore was sentenced to forty years in prison, with fifteen years suspended. In March 2005, Moore moved to withdraw his guilty plea, claiming he had been unable to work with his trial counsel and he was under the influence of medication when he pled guilty to attempted murder. The court denied his motion. Moore appealed his criminal judgment, arguing the district court erred by not allowing him to withdraw his guilty plea. We summarily affirmed. *State v. Moore*, 2005 ND 183, ¶ 3, 709 N.W.2d 21.

[¶ 3] On March 6, 2006, Moore, without assistance of counsel, applied for post-conviction relief under N.D.C.C. ch. 29–32.1, claiming he was "denied his right to due process of law as well as other constitutional rights according to the Sixth Amendment guarantees to effective, competent, and adequate representation of counsel." Moore simultaneously moved for appointment of counsel. On April 26, 2006, the State filed a brief in opposition to Moore's application and moved for summary disposition, arguing Moore raised no genuine issue of material fact regarding his claim for ineffective assistance of counsel.

[¶ 4] On May 5, 2006, Moore, through appointed counsel, filed a motion and supporting brief for a continuance, asserting the discovery of new potentially exculpatory evidence in the form of medical records that had yet to be obtained from the North

Dakota State Penitentiary. Moore thereafter filed a brief and an amended brief in support of his application for post-conviction relief. Moore claimed that since his incarceration, he had been diagnosed with post-traumatic stress disorder. Moore argued that had he known about or been diagnosed with post-traumatic stress disorder at the time of his guilty plea and sentencing, or had his case gone to a jury, he could have been found not guilty of attempted murder because he did not have the requisite intent for that crime. In both his initial brief and his amended brief, Moore argued that he should be allowed to withdraw his guilty plea and receive a trial because he lacked the necessary criminal intent.

[¶ 5] On July 18, 2006, the State filed another brief in opposition to Moore's application for post-conviction relief. The State argued Moore still had not raised any genuine issue of material fact on his claims of ineffective assistance of counsel or of newly discovered evidence. After an evidentiary hearing, the district court denied Moore's application for post-conviction relief, finding that the evidence presented at the hearing, which included testimony from the prison psychiatrist who diagnosed Moore with post-traumatic stress disorder, from Moore's prison clinical counselor, and from Moore himself, would not likely change the result. The court concluded that testimony would not lead to a finding of not guilty by a trier of fact. The court concluded there was nothing in the "newly discovered" diagnosis that would have changed the outcome if that evidence had been initially offered. Moore appeals from the order denying his application for post-conviction relief.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. Moore's appeal was timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

II

[¶ 7] Moore argues the district court abused its discretion in denying his application for post-conviction relief because his post-traumatic stress disorder diagnosis is newly discovered evidence that meets the requirements for a new trial under N.D.C.C. § 29–32.1–01(1)(e) and N.D.R.Crim.P. 33. Moore also argues the district court misinterpreted and misapplied the testimony presented at the evidentiary hearing and erroneously applied results from a previous psychological examination.

[¶ 8] Proceedings on applications for post-conviction relief are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Rümmer v. State*, 2006 ND 216, ¶ 9, 722 N.W.2d 528. The petitioner has the burden of establishing grounds for post-conviction relief. *Flanagan v. State*, 2006 ND 76, ¶ 10, 712 N.W.2d 602. The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Laib v. State*, 2005 ND 187, ¶ 11, 705 N.W.2d 845.

[¶ 9] Post-conviction relief may be granted under N.D.C.C. § 29–32.1–01(1)(e) when "[e]vidence, not previously presented and heard, exists *requiring* vacation of the conviction or sentence in the interest of justice." (Emphasis added.) In previous cases, this Court has explained this statutory ground for post-conviction relief is similar to a request for new trial based on newly discovered evidence under N.D.R.Crim.P. 33. *Syvertson v. State*, 2005 ND 128, ¶ 9, 699 N.W.2d 855; *Greywind v. State*, 2004 ND 213, ¶ 18, 689 N.W.2d 390; *Breding v. State*, 1998 ND

170, ¶ 19, 584 N.W.2d 493. Under N.D.R.Crim.P. 33, a district court may grant a defendant a new trial on the ground of newly discovered evidence if required in the interest of justice. To prevail on a new trial motion on the ground of newly discovered evidence, the defendant must show:

> (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.

*Syvertson*, at ¶ 9 (citations omitted). We review a district court's decision on a new trial motion for an abuse of discretion. *State v. Klose*, 2003 ND 39, ¶ 18, 657 N.W.2d 276.

 [¶ 10] We have also explained, however, that when a defendant applies for post-conviction relief to withdraw a guilty plea, the application is generally treated as a motion made under N.D.R.Crim.P. 32(d). *Greywind*, 2004 ND 213, ¶ 7, 689 N.W.2d 390; *Houle v. State*, 482 N.W.2d 24, 25 (N.D.1992). After a court has accepted a defendant's plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595; *see also Greywind*, at ¶ 7. Whether there has been a manifest injustice supporting withdrawal of a guilty plea lies within the district court's discretion. *Bates*, at ¶ 6; *Greywind*, at ¶ 7. Under this rule, an abuse of discretion occurs when the court's legal discretion is not exercised in the interest of justice. *Bates*, at ¶ 6; *Kaiser v. State*, 417 N.W.2d 175, 179 (N.D.1987).

[¶ 11] On appeal, Moore argues that his post-traumatic stress disorder diagnosis after his incarceration met the requirements for a "new trial" under N.D.C.C. § 29–32.1–01(1)(e) and N.D.R.Crim.P. 33. Moore's conviction, however, did not result from a trial, but rather from a guilty plea. Of course, there cannot be a "new trial" when no trial was held because of a guilty plea. *See United States v. Miller*, 197 F.3d 644, 648 n. 3 (3rd Cir.1999); *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir.1995); *United States v. Collins*, 898 F.2d 103, 104 (9th Cir.1990) (per curiam); *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir.1979); *Williams v. United States*, 290 F.2d 217, 218 (5th Cir.1961) (per curiam).

 [¶ 12] When a defendant has pled guilty and no trial was held, the appropriate analysis is for "manifest injustice" under N.D.R.Crim.P. 32(d). A defendant who has previously pled guilty and then seeks post-conviction relief under N.D.C.C. § 29–32.1–01(1)(e) must demonstrate a manifest injustice, justifying withdrawal of the guilty plea. We nevertheless believe the analysis for a Rule 32 manifest injustice, based on a ground of newly discovered evidence, is similar to the Rule 33 analysis: The defendant must show (1) the evidence was discovered after the guilty plea, (2) the failure to learn about the evidence before the plea was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to what would have been the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal at trial. *See Greywind*, 2004 ND 213, ¶¶ 3, 17–22, 689 N.W.2d 390. *Cf. State v. Truman*, 187 Wis.2d 622, 523 N.W.2d 177, 178–79 (Ct.App.1994).

[¶ 13] Here, Moore's initial pro se application for post-conviction relief sought to vacate his conviction and order a new trial on the grounds he received ineffective assistance of counsel. In briefs by ap-

pointed legal counsel in support of Moore's application, Moore requested to withdraw his guilty plea, arguing his "newly discovered" post-traumatic stress disorder diagnosis was material to his culpability. At the evidentiary hearing, Moore's counsel argued that Moore's "sentence or guilty plea should be vacated" to permit a jury to decide whether he was suffering from a flashback consistent with post-traumatic stress disorder at the time of the crime. By his guilty plea, however, Moore waived the right to have that issue presented to a jury and admitted all of the essential elements of the charged crime, including the element of his intent. Because Moore waived his right to a jury trial, he cannot now argue such new evidence would persuade a trier of fact unless he first overcomes the waiver and admission encompassed by his guilty plea by demonstrating a manifest injustice.

[¶ 14] Both N.D.R.Crim.P. 32(d) and 33 effectively require the district court to exercise its discretion "in the interest of justice." *See* N.D.R.Crim.P. 33(a) ("court may vacate any judgment and grant a new trial ... if the interest of justice so requires"); *Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595 ("abuse of discretion under N.D.R.Crim.P. 32(d) occurs when the court's legal discretion is not exercised in the interest of justice"). Moore's court-appointed counsel specifically sought to withdraw Moore's guilty plea, and the district court, relying on *Breding*, 1998 ND 170, 584 N.W.2d 493, and *Syvertson*, 2005 ND 128, 699 N.W.2d 855, denied Moore's application for post-conviction relief using an analysis under N.D.R.Crim.P. 33. On this record, we conclude the result is the same under N.D.R.Crim.P. 32(d) because Moore failed to present newly discovered evidence of such weight and quality that would likely result in an acquittal at trial.

[¶ 15] In this case, the district court concluded that the testimony presented at the hearing would not change the outcome of the case to a finding of not guilty by a trier of fact. Moore presented evidence of the post-traumatic stress disorder diagnosis he received after being incarcerated, but he has presented no medical expert testimony that he was actually suffering from post-traumatic stress disorder when he repeatedly stabbed his wife. Moore's psychiatrist testified that he made the post-traumatic stress disorder diagnosis on the basis of symptoms Moore reported to him after incarceration, which included flashbacks, nightmares, anxiety, and problems with sleep. Although Moore testified that he had no recollection of stabbing his wife and was suffering from a flashback, Moore's psychiatrist based his diagnosis solely on the symptoms Moore said he experienced while he was in the state penitentiary. Moore's clinical counselor in prison testified that she had worked with Moore on his reported post-traumatic stress disorder symptoms and his past trauma, but she also conceded that she did not make Moore's post-traumatic stress disorder diagnosis, that her job was not to determine whether someone was competent to stand trial, and that she could not speak to Moore's mental state at the time of the crime because her treatment of Moore focused on his prior trauma rather than the crime.

[¶ 16] Moreover, Moore's psychiatrist specifically testified that he did not make any assessment or diagnosis regarding whether Moore was competent to stand trial or whether he could have formed the requisite intent to commit the crime. There is also no expert medical testimony that Moore was suffering from post-traumatic stress disorder when he entered his guilty plea or that the post-traumatic stress disorder somehow affected the voluntariness of his plea.

[¶ 17] Here, Moore pled guilty to the attempted murder charge and waived his right to a jury trial, and he has not presented any new evidence demonstrating a manifest injustice to permit withdrawal of his guilty plea. Moore therefore has not met his burden to establish a right to post-conviction relief under N.D.C.C. § 29–32.1–01(1)(e). On this record, we conclude the district court did not err in denying Moore's application for post-conviction relief.

[¶ 18] We have considered Moore's remaining issues and find them to be without merit or unnecessary to our decision. *See State v. Loughead,* 2007 ND 16, ¶ 29, 726 N.W.2d 859; *City of Bismarck v. Witzke,* 2005 ND 170, ¶ 2, 709 N.W.2d 21.

III

[¶ 19] The district court order is affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.