Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 228

Reginald E. Tweed, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20110089

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Reginald E. Tweed, P.O. Box 5521, Bismarck, N.D. 58506-5521, self-

represented; submitted on brief.

Mark Rainer Boening, Assistant State’s Attorney, P.O. Box 2806, Fargo, N.D. 58108-2806, for respondent and appellee; submitted on brief.

Tweed v. State

No. 20110089

Crothers, Justice.

[¶1] Reginald Tweed appeals from the district court’s order summarily dismissing his second application for post-conviction relief.  Tweed argues the district court erred in summarily dismissing his application because the claims were not barred by res judicata or a misuse of process and his claims of ineffective assistance of post-

conviction counsel are valid claims.  We conclude the district court properly dismissed Tweed’s evidentiary, ineffective assistance of trial counsel and prosecutorial misconduct claims, but the court erred in summarily dismissing his claim for ineffective assistance of post-conviction counsel.  We affirm in part, reverse in part, and remand for further proceedings.

I

[¶2] In October 1991, Tweed was convicted of murdering Terry Dorff.  Tweed appealed his conviction, arguing the trial court erred in failing to instruct the jury on the lesser included offense of negligent homicide and the language of the murder statute is unconstitutionally void for vagueness.  
See
 
State v. Tweed
, 491 N.W.2d 412 (N.D. 1992).   This Court affirmed his conviction.  
Id.

[¶3] Tweed claimed David Sumner was involved in Dorff’s murder.  Sumner was charged with murdering Dorff, and a jury trial was held in February 1992.  The jury  acquitted Sumner of murder.

[¶4] In 2008, Tweed filed an application for post-conviction relief, arguing he was entitled to a new trial or to have his murder conviction vacated because newly discovered evidence existed and his trial counsel was ineffective.  After an evidentiary hearing, the district court denied Tweed’s application.  Tweed appealed, and this Court affirmed the district court’s judgment dismissing Tweed’s application for post-conviction relief.  
See
 
Tweed v. State
, 2010 ND 38, 779 N.W.2d 667. 

[¶5] In December 2010, Tweed filed a second application for post-conviction relief.  Tweed argued he was entitled to relief because of newly discovered evidence, ineffective assistance of trial counsel, prosecutorial misconduct and ineffective assistance of post-conviction counsel.  The State responded to Tweed’s motion and moved for summary dismissal of Tweed’s claims, except his claims that his prior post-conviction attorneys were ineffective, arguing his claims were barred by res judicata and misuse of process.  In March 2011, the district court summarily dismissed Tweed’s second application for post-conviction relief, including his claims of ineffective assistance of post-conviction counsel.  The court ruled Tweed’s claims were barred by res judicata and misuse of process and his claims of ineffective assistance of post-conviction counsel were outside the scope of post-conviction relief.

II

[¶6] Tweed argues the district court erred in summarily dismissing his ineffective assistance of post-conviction counsel claims.  Tweed contends the State did not request summary dismissal of these claims and he is entitled to an evidentiary hearing. 

[¶7] Tweed applied for post-conviction relief arguing his prior post-conviction counsel was ineffective for failing to contact two potential witnesses, file affidavits from the witnesses, and subpoena the witnesses to attend the hearing on his application for post-conviction relief; he failed to follow Tweed’s instructions; and the outcome of the first post-conviction proceeding would have been different without his counsel’s ineffective assistance.  Tweed also argued his appellate counsel in his prior post-conviction proceeding was ineffective for failing to raise the issues Tweed wanted him to raise on appeal and the outcome of the appeal would have been different without his counsel’s errors.  The State requested the district court summarily dismiss all of Tweed’s claims for post-conviction relief except his claims of ineffective assistance of post-conviction counsel.  In responding to the ineffective assistance of post-conviction counsel claims, the State acknowledged that Tweed “must be permitted a reasonable opportunity to present relevant materials regarding claims of ineffective assistance of counsel . . . and that summary disposition would be error.”  However, the district court dismissed Tweed’s ineffective assistance of post-conviction counsel claims ruling they were not valid claims for post-conviction relief because they were beyond the scope of N.D.C.C. ch. 29-32.1.  

[¶8] Under N.D.C.C. § 29-32.1-06(2), the State may move for dismissal of a post-

conviction application for failure to state a claim for which relief can be granted.  “A court may, on its own initiative, . . . dismiss [an application] for failure to state a valid claim.”  
Wong v. State
, 2010 ND 219, ¶ 8, 790 N.W.2d 757.  However, the court should use the power sparingly and with great care to protect the parties’ rights and “only when . . . it is impossible for the [applicant] to prove a claim for which relief can be granted.”  
Id.
 (quoting 
Berlin v. State
, 2005 ND 110, ¶ 7, 698 N.W.2d 266).  In reviewing the court’s decision, we construe “the application in the light most favorable to the applicant and accept[] the well-pleaded allegations as true.”  
Wong
, at ¶ 9.  “We will affirm a dismissal for failure to state a claim if it would be impossible for the applicant to prove a claim for which relief can be granted.”  
Id.

[¶9] We have held a claim of ineffective assistance of post-conviction counsel may be properly raised in a successive application for post-conviction relief.  
See
 
Klose v. State
, 2008 ND 143, ¶ 13, 752 N.W.2d 192; 
Johnson v. State
, 2004 ND 130, ¶ 17, 681 N.W.2d 769.  In Tweed’s application for post-conviction relief, he alleged his previous post-conviction attorneys failed to raise issues he wanted raised and failed to contact witnesses who could provide evidence to support his claims.  Tweed alleged the result of his first post-conviction proceeding would have been different if his attorneys’ performance had not been deficient.  

[¶10] Construing Tweed’s application in the light most favorable to him, it may have been possible for Tweed to prove a claim for which relief could be granted.  We conclude the court erred in summarily dismissing Tweed’s claims of ineffective assistance of post-conviction counsel.  We reverse the district court’s decision to summarily dismiss Tweed’s ineffective assistance of post-conviction counsel claims and remand for further proceedings consistent with this opinion.

III

[¶11] Tweed argues the district court erred in summarily dismissing his claims of newly discovered evidence, ineffective assistance of trial counsel, competency to stand trial and prosecutorial misconduct.  Tweed claims in his application for post-

conviction relief that newly discovered evidence existed, including a bloody shirt, testimony from a witness at Sumner’s trial, statements the prosecutor made about Tweed during Sumner’s trial, the evidence the State used to develop arguments about Sumner’s role in the murder, and a letter sent to one of Tweed’s prior attorneys indicating there are two potential witnesses the State should contact for information about Sumner telling people he killed a man; that the State used improper methods to obtain his conviction, including lying to the jury; that the State improperly shifted the burden of proof to Tweed; that the prosecutor unfairly and improperly psychologically assessed Tweed; that his trial attorney was ineffective for failing to object to all of the instances of prosecutorial misconduct, raise the issue of prosecutorial misconduct on appeal, investigate mitigating evidence and interview witnesses, investigate why his statement was not consistent with the physical evidence, and obtain a psychological evaluation; and that he was not competent to stand trial and his trial attorney was ineffective for having him testify at trial. 

[¶12] The district court ruled these claims were barred by res judicata or misuse of process.  A claim in an application for post-conviction relief may be denied on the grounds of res judicata if the same claim was decided in a prior proceeding.  N.D.C.C. § 29-32.1-12(1).  A post-conviction claim also may be denied on the grounds of misuse of process if the claim could have been raised in a prior proceeding.  N.D.C.C. § 29-32.1-12(2).  We summarily affirm the district court’s decision on these claims under N.D.R.App.P. 35.1(a)(7); 
Steen v. State
, 2007 ND 123, 736 N.W.2d 457 (holding claims raised in second application for post-conviction relief were barred by res judicata or misuse of process).

IV

[¶13] We affirm in part, reverse in part, and remand for further proceedings on Tweed’s ineffective assistance of post-conviction counsel claims. 

[¶14] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

I concur in the result.

   Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring specially.

[¶15] For the reasons set forth in my concurrence in 
Coppage v. State
, 2011 ND 227, 807 N.W.2d 585, I concur here.

[¶16] Dale V. Sandstrom