2013 ND 214

**Kevin Deon MOORE, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130196.**

Supreme Court of North Dakota.

Nov. 21, 2013.

Darla J. Schuman, Grand Forks, ND, for petitioner and appellant.

M. Jason McCarthy (argued), Assistant State's Attorney, and Jared J. Wall (on

brief), under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Kevin Moore appeals from a district court order summarily dismissing his third postconviction application, arguing his postconviction counsel provided ineffective assistance by failing to file a brief in support of his postconviction application. Because the district court's summary dismissal of Moore's postconviction application was not erroneous, and because an ineffective assistance of postconviction counsel claim cannot be established from the record before us, we affirm the district court order.

I

[¶ 2] Moore was charged with and pled guilty to attempted murder. After an unsuccessful appeal and two unsuccessful applications for postconviction relief, Moore filed a third, pro se application for postconviction relief. In his application, he alleged that newly discovered evidence entitled him to an evidentiary hearing, where he could argue for withdrawal of his guilty plea and a new trial. Moore then applied for and was assigned a court appointed attorney. In its reply brief, the State moved for summary dismissal of Moore's postconviction application. Moore's court appointed attorney subsequently withdrew from his case, and the district court appointed new counsel. Moore's new attorney filed a notice of appearance and a discovery request, but filed no other documents on Moore's behalf. The district court summarily dismissed Moore's third postconviction application.

II

[¶ 3] Moore now appeals the district court's order summarily dismissing his application for postconviction relief. When a petitioner applies for postconviction relief to withdraw a guilty plea, the court looks to whether relief is "necessary to correct a manifest injustice." *Moore v. State*, 2007 ND 96, ¶ 10, 734 N.W.2d 336. Under the Uniform Postconviction Procedure Act as applicable at the time of this postconviction application, a district court could summarily dismiss an application where there was "no genuine issue as to any material fact and the moving party [was] entitled to a judgment as a matter of law." N.D.C.C. § 29–32.1–09 (2009). "If the State move[d] for summary dismissal, putting a petitioner to his proof, a minimal burden shift[ed] to the petitioner to support his application with 'competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.' " *Davis v. State*, 2013 ND 34, ¶ 9, 827 N.W.2d 8 (quoting *Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419). This Court "ordinarily review[s] an appeal from a summary denial of post-conviction relief in the same way that we review appeals from summary judgment." *Johnson v. State*, 2004 ND 130, ¶ 5, 681 N.W.2d 769 (citing *Murchison v. State*, 2003 ND 38, ¶ 8, 658 N.W.2d 320). "On appeal from a summary judgment [this Court] must determine whether or not the information available to the trial court, when viewed in a light most favorable to the opposing party, precludes the existence of a genuine issue of material fact and entitles the moving party to summary judgment as a matter of law." *State Bank of Kenmare v. Lindberg*, 471 N.W.2d 470, 472 (N.D.1991) (citation omitted).

[¶ 4] In this case, Moore filed an application for postconviction relief which vaguely alluded to new evidence not heard by the district court which he said would negate the intent element of his crime. In its opposition brief, the State argued that

Moore had not presented anything beyond mere assertions to support his claim and requested that the court summarily dismiss Moore's application. However, Moore filed no evidence to support the allegations in his postconviction application. Therefore, the district court's summary dismissal of Moore's postconviction application was proper.

## III

[¶ 5] Rather than argue that the district court's summary dismissal was erroneous, Moore argues on appeal that he received ineffective assistance of postconviction counsel due to counsel's failure to file a responsive brief in support of Moore's postconviction application. Generally, this Court does not address issues that were not raised below, unless the alleged error was obvious. *See State v. Frohlich*, 2007 ND 45, ¶ 31, 729 N.W.2d 148. In the context of ineffective assistance of counsel claims, this Court reviews the record "to determine if counsel's performance was 'plainly defective.'" *State v. Koenig*, 2010 ND 75, ¶ 2, 789 N.W.2d 731 (quoting *State v. Blurton*, 2009 ND 144, ¶ 20, 770 N.W.2d 231). This Court's process for deciding ineffective assistance of postconviction counsel claims follows *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as outlined in *Johnson:*

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, in *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court ruled, because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Based on *Coleman*, sev-

eral courts have ruled claims of ineffective assistance of post-conviction counsel simply cannot be raised in an application for post-conviction relief, even in jurisdictions that afford a statutory right to counsel in post-conviction relief proceedings. Some courts have concluded claims of ineffective assistance of post-conviction counsel are still cognizable in a post-conviction proceeding, but those courts apply a lesser standard than the standard set forth in *Strickland*. "The logic behind such a rule is that if counsel for post-conviction proceedings, as well as trial and direct appeal, must meet the same standards, then claims of ineffective assistance of counsel in the immediate prior proceeding may be raised ad infinitum."

Other courts have continued to apply the *Strickland* standard in situations where, under a statute, it is either discretionary or mandatory that counsel be appointed for post-conviction proceedings. Although these cases acknowledge *Coleman*, the typical reasoning for applying *Strickland* is that "[i]t would be absurd to have the right to appointed counsel who is not required to be competent," and a statute providing for appointment of counsel "'would be meaningless if it did not embody a requirement that counsel be effective as well as merely present.'"

We have applied the *Strickland* standard to claims of ineffective assistance of post-conviction counsel, *see Berlin v. State*, 2000 ND 206, ¶¶ 6–10, 619 N.W.2d 623, and we conclude the reasoning given by courts which apply *Strickland* to assess the performance of post-conviction counsel is persuasive. To succeed on a claim of ineffective assistance of counsel under *Strickland*, a person must show counsel's performance fell below an objective standard of reasonableness

and the deficient performance prejudiced him.

*Johnson*, 2004 ND 130, ¶¶ 15–17, 681 N.W.2d 769 (citations omitted).[1]

[¶ 6] On appeal, this Court's record is limited to the original papers and exhibits filed in the district court, transcripts, if any, and a copy of the docket entries. N.D.R.App.P. 10(a). This Court has previously stated that "a claim of ineffective assistance of counsel is more effectively presented in a post-conviction proceeding . . . than in a direct appeal[,]" because a postconviction proceeding allows for a hearing to be held and for an opportunity to establish a record for review. *Wilson v. State*, 1999 ND 222, ¶ 9, 603 N.W.2d 47. The same reasoning applies to claims of ineffective assistance of postconviction counsel, as the record on an appeal of this type is limited to the papers and exhibits filed in district court. As a result, subsequent postconviction petitions, rather than appeals, have generally been the method utilized in ineffective assistance of postconviction counsel cases in this state. *See, e.g., Tweed v. State*, 2011 ND 228, ¶ 5, 807 N.W.2d 599; *Klose v. State*, 2008 ND 143, ¶ 6, 752 N.W.2d 192; *Johnson*, 2004 ND 130, ¶ 3, 681 N.W.2d 769.

### A

[¶ 7] Under the first prong of the *Strickland* test, a court examines whether postconviction counsel's representation fell below an objective standard of reasonableness. *Laib v. State*, 2005 ND 187, ¶ 9, 705 N.W.2d 845 (citations omitted). "The [moving party] must first overcome the 'strong presumption' that [ ] counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight." *Id.* (citations omitted).

[¶ 8] A petitioner is not required to include supporting evidentiary materials in an application for postconviction relief. *Davis*, 2013 ND 34, ¶ 9, 827 N.W.2d 8. However, if the State moves for summary dismissal, "a minimal burden shifts to the petitioner to support his application with 'competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.' " *Id.* (quoting *Ude*, 2009 ND 71, ¶ 8, 764 N.W.2d 419). If a petitioner fails to provide this support, the district court may summarily dismiss the application. *Ude*, at ¶ 9.

[¶ 9] In this case, Moore's postconviction counsel did not file a brief or any additional evidence in response to the State's argument for summary dismissal. On the record before us, it is not clear why Moore's attorney made no additional filings. While it is possible that his failure to file was the product of ineffective assistance, it is also possible that not filing additional materials was the result of a conscious determination that no new evidence existed. Although the failure to file available supporting material necessary to avoid summary dismissal could have constituted ineffective assistance, an attorney cannot submit fraudulent, unsupported, or improper documents. *See* N.D.R.Civ.P. 11(b).

[¶ 10] More troubling is the fact that without any action by Moore's counsel, it is unclear under a liberal reading of Moore's application, whether counsel

---

1. Following amendments, effective August 1, 2013, North Dakota's Uniform Postconviction Procedure Act now states "[t]he court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel. An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter." N.D.C.C. § 29–32.1–09(2).

may have avoided the State's summary dismissal argument had he amended Moore's postconviction application to argue for relief under the appropriate statute and submitted a supporting affidavit. Under N.D.C.C. § 29–32.1–01(1)(a), a petitioner may apply for postconviction relief when a "conviction was ... imposed in violation of the laws or the Constitution of the United States or of the laws or Constitution of North Dakota." "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, we generally treat the application as one made under N.D.R.Crim.P. [11](d)." *Greywind v. State*, 2004 ND 213, ¶ 7, 689 N.W.2d 390 (citing *Bay v. State*, 2003 ND 183, ¶ 7, 672 N.W.2d 270). Withdrawal is allowed when necessary to correct a manifest injustice. *Greywind*, at ¶ 7.

 [¶ 11] Waivers of constitutional rights, such as guilty pleas, must be done freely and voluntarily. *State v. Storbakken*, 246 N.W.2d 78, 82 (N.D.1976). "Before accepting a plea of guilty, the court must ... determine that the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement." N.D.R.Crim.P. 11(b)(2). In this case, Moore's "newly discovered evidence" alleges that his guilty plea was coerced and that he would not have pled guilty to an intentional crime absent that coercion:

> Mr. Moore now comes forth with new evidence that was not known to himself or to the courts prior to Mr. Moore's pleading guilty and being convicted of the charge of Attempted Murder. Ms. Bendickson was a witness for the state but refused to share this new evidence with them. This new evidence needs to be heard for justice for Mr. Moore. Ms. Ben[d]ickson has taken back her threats to Mr. Moore to take her life as well as their common sons life too. Ms. Bendickson has also made Mr. Moore aware of other people she made known of her threat and other evidence withheld to clear herself in Mr. Moore's case.

> Had Mr. Moore and the courts known of this new evidence, and had the life of Mr. Moore's son not been threatened, even had not Ms. Moore threatened to take her own life, prior to the time of Mr. Moore's case going before a jury, Mr. Moore could have been found Not Guilty of Attempted Murder. The new evidence would have shown that Mr. Moore did not have the necessary intent to be convicted. Because Mr. Moore did not have the necessary intent for this crime he should be allowed to withdraw his plea of guilty and have a jury trial of his peers.

Because Moore's attorney took no action and this Court has no basis to know whether counsel considered, and then found unsupportable, this or other arguments, we are willing to assume, without deciding, that Moore's postconviction counsel's conduct fell below an objective standard of reasonableness.

B

 [¶ 12] Even assuming Moore's counsel's failure to file a brief was objectively unreasonable on its face, the record before us does not establish Moore was prejudiced by his attorney's conduct. Under the second prong of the *Strickland* test, the court examines whether the moving party was prejudiced by postconviction counsel's deficient performance. *Laib*, 2005 ND 187, ¶ 9, 705 N.W.2d 845 (citations omitted).

> To meet the "prejudice" prong of the *Strickland* test the [moving party] carries the heavy burden of establishing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

*Greywind,* 2004 ND 213, ¶ 13, 689 N.W.2d 390; *Mathre v. State,* 2000 ND 201, ¶ 3, 619 N.W.2d 627. The [moving party] must prove not only that counsel's assistance was ineffective, but must specify how and where trial counsel was incompetent and the probable different result. *Greywind,* at ¶ 13; *Garcia [v. State],* 2004 ND 81, ¶ 5, 678 N.W.2d 568.

*Laib,* at ¶ 10.

[¶ 13] In this case, Moore was denied the opportunity for an evidentiary hearing by the court's summary dismissal of his application. The only information in the record is Moore's postconviction application. The issue of whether Moore had the requisite intent to commit the crime for which he pled guilty has been at issue in a previous postconviction application at which Moore was given an evidentiary hearing. *Moore,* 2007 ND 96, ¶ 4, 734 N.W.2d 336. The application does not indicate that Moore could supplement the expert evidence given at the prior hearing and none of the information in the application is evidence unknown to Moore at the time of his previous applications for postconviction relief. It is Moore's burden to show prejudice under the second prong of *Strickland.* On this record, it would be impossible for this Court to determine that Moore was prejudiced by his postconviction counsel's actions.

## IV

[¶ 14] We affirm the district court order.

[¶ 15] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, J., concur.

DANIEL J. CROTHERS, J., concurs in the result.

SANDSTROM, Justice, concurring specially.

[¶ 16] Moore appeals after the district court summarily dismissed his *third* postconviction application. I agree with the result reached by the majority. I write separately to note that the principle in *Johnson v. State,* 2004 ND 130, ¶¶ 15–17, 681 N.W.2d 769, on which the majority relies, was of doubtful continued viability in view of the separate opinion signed by four justices in *Coppage v. State,* 2011 ND 227, ¶¶ 22–28, 807 N.W.2d 585 (Sandstrom, J., concurring specially), even before the legislature adopted comprehensive postconviction relief reform in S.B. 2227, effective August 31, 2013.

[¶ 17] DALE V. SANDSTROM

VANDE WALLE, Chief Justice, concurring specially.

¶ 18 I concur in the majority opinion. We have held that an ineffective-assistance-of-counsel claim is more effectively presented through a post-conviction-relief proceeding than on direct appeal from a conviction unless, on the face of the record, counsel was plainly ineffective. *State v. Ricehill,* 415 N.W.2d 481 (N.D.1987). This is an appeal from a post-conviction judgment. Moore alleges ineffective assistance of counsel in the post-conviction proceeding itself; however, on the face of this record, it appears post-conviction counsel abandoned the client. Post-conviction counsel filed a notice of appearance and a discovery request but, on the face of the record before us, made no further appearance on behalf of the client nor did counsel notify the court there would be no further appearance on behalf of the client. On this record we must conclude that counsel was ineffective.

[¶ 19] We dispose of this case on the basis that there could be no prejudice because, again on the face of the record and

this Court's previous decisions involving Moore, the issues have already been the subject of an appeal to this Court. That may, indeed, be the reason that counsel, after filing the notice of appearance and the discovery request, made no further appearance. If so, counsel is in a dilemma as to how to proceed.

[¶ 20] I write to note that for appeal purposes we have rejected the approach used in *Anders v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). There the Court held that an attorney assigned to represent a defendant on appeal, but who believes there is no merit to the appeal, should move to withdraw as counsel stating his belief, accompanied by a brief that points to anything in the record that might arguably support the appeal. *See State v. Lewis,* 291 N.W.2d 735 (N.D.1980). In *Lewis,* we concluded the statutes and the North Dakota Constitution guaranteed the right of appeal that would be violated if this Court were to dismiss the appeal on the basis of counsel's motion on behalf of the indigent client. Rather than adopting *Anders,* we outlined the procedure counsel should follow in those instances:

> We conclude that the proper procedure to be followed by the courts of this State in cases such as the one before us in which the court-appointed defense counsel believes that the indigent defendant's appeal is without merit is to appoint another attorney to represent the defendant on appeal as soon after the initially appointed attorney makes his opinion as to frivolity known to the court as is practical. The appointment of another attorney will provide the indigent defendant with legal counsel at all stages of his appeal and will eliminate the double burden of first convincing this court that the appeal has some degree of merit warranting an attorney's counsel and later coming back to this court to convince us that the degree of

merit which warranted an attorney's counsel also supports a reversal of his conviction. Conceivably, the situation may arise where the trial court will have to designate an attorney to represent the defendant to the best of his ability notwithstanding the fact that the attorney does not believe the appeal has merit.

*Id.* at 738. But this is not an appeal, counsel at the trial court level was at least the second counsel assigned to Moore's post-conviction proceeding, and the right to counsel in post-conviction proceedings is governed by statute. N.D.C.C. § 29–32.1–05. Furthermore, I question whether the *Lewis* court contemplated a succession of withdrawals and appointments of counsel in the same proceeding. Perhaps the time has come to apply an *Anders* procedure at the trial court level even if we are unwilling to do so at the appellate level. In any event to do nothing is not the proper procedure for assigned counsel who believes there is no merit to the indigent defendant's position in the proceeding. *See* N.D.R. Prof. Conduct 1.16.

[¶ 21] MARY MUEHLEN MARING, J., concurs.