# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 132

James Richard Kremer,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

## No. 20190408

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Christopher W. Nelson, Assistant State's Attorney, Minot, ND, for respondent and appellee.

**VandeWalle, Justice.**

[¶1] James Kremer appealed from a district court order denying his application for post-conviction relief. Kremer argues he should be allowed to withdraw his guilty pleas because he received ineffective assistance of counsel and because the district court did not adhere to the procedure set forth in N.D.R.Crim.P. 11. We affirm.

I

[¶2] In 2014, FBI agents seized computers, hard drives, and other electronic devices belonging to Kremer. Child pornography was found on some of the devices. The agents interviewed Kremer regarding the devices and the explicit material discovered on the devices. Kremer claimed ownership of the electronic devices and acknowledged the explicit material found on them. In November 2015, Kremer entered into a stipulation with federal prosecutors in which Kremer agreed to plead guilty to charges related to the matter in North Dakota state court. Had Kremer not pleaded guilty in state court, the stipulation stated prosecution of the matter would continue in federal court. Kremer was facing a 15 year minimum mandatory sentence if convicted in federal court.

[¶3] Kremer was charged in state district court with five counts of possession of certain materials prohibited. Kremer's counsel negotiated an agreement with the State in which Kremer would plead guilty to three counts, receive a sentence of ten years imprisonment followed by three years of supervised probation, and two counts would be dismissed. On February 25, 2016, a change of plea hearing was held in state district court. At the hearing, Kremer entered guilty pleas in accordance with the federal stipulation and state plea agreement.

[¶4] In July 2018, Kremer filed his application for post-conviction relief. Kremer sought to withdraw his guilty pleas claiming he received ineffective assistance of counsel and the court "did not inform Kremer of the possibility of restitution, did not insure that Kremer's plea was voluntary, did not obtain a

factual basis for the plea, and did not get any acknowledgement by [Kremer] regarding the facts." After an evidentiary hearing was held, the district court denied Kremer's application.

## II

[¶5]   "Generally, when a post-conviction relief applicant seeks to withdraw a guilty plea, the district court looks to whether relief is necessary to correct a 'manifest injustice.'" *Lindsey v. State*, 2014 ND 174, ¶ 16, 852 N.W.2d 383 (citing *Moore v. State,* 2013 ND 214, ¶ 10, 839 N.W.2d 834). "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, we . . . treat the application as one made under N.D.R.Crim.P. [11](d)." *Id.* "Withdrawal is allowed when necessary to correct a manifest injustice." *Id.* We review a district court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Peterson*, 2019 ND 140, ¶ 6, 927 N.W.2d 74 (citing *State v. Feist*, 2006 ND 21, ¶ 22, 708 N.W.2d 870). "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *Id.*

[¶6]   "When a defendant pleads guilty on the advice of counsel, the defendant 'may only attack the voluntary and intelligent character of the guilty plea.'" *Lindsey*, 2014 ND 174, ¶ 17, 852 N.W.2d 383 (quoting *Damron v. State*, 2003 ND 102, ¶ 9, 663 N.W.2d 650). "Unless a defendant can prove 'serious derelictions' on the part of the defendant's attorney that kept a plea from being knowingly and intelligently made, the defendant will be bound by that guilty plea." *Id.* (citing *Damron*, at ¶ 13). "In criminal cases, the defendant has the burden to present evidence to overcome the presumption that defense counsel is competent and adequate, and to do so, the defendant must point 'to specific errors made by trial counsel.'" *Id.* (quoting *Damron*, at ¶ 13).

## A

[¶7]   Kremer argued he should be allowed to withdraw his guilty pleas because he received ineffective assistance of counsel leading to his guilty pleas.

[¶8] "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Kalmio v. State*, 2019 ND 223, ¶ 7, 932 N.W.2d 562 (quoting *Kalmio v. State*, 2018 ND 182, ¶ 13, 915 N.W.2d 655). "A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a)." *Stein v. State*, 2019 ND 291, ¶ 5, 936 N.W.2d 389 (quoting *Saari v. State*, 2017 ND 94, ¶ 6, 893 N.W.2d 764). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶9] The framework for evaluating ineffective assistance of counsel claims is well established:

> [T]o prevail on a post-conviction relief application based on ineffective assistance of counsel, the petitioner must (1) "show that counsel's representation fell below an objective standard of reasonableness" and (2) "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 [104 S. Ct. 2052, 80 L. Ed. 2d 674] (1984).

*Lindsey*, 2014 ND 174, ¶ 19, 852 N.W.2d 383. "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Booth v. State*, 2017 ND 97, ¶ 8, 893 N.W.2d 186 (quoting *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* (quoting *Garcia v. State*, 2004 ND 81, ¶ 5, 678 N.W.2d 568).

[¶10] "The two-part *Strickland* test 'applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Booth*, 2017 ND 97, ¶ 7, 893 N.W.2d 186 (quoting *Bahtiraj v. State*, 2013 ND 240, ¶ 9, 840 N.W.2d 605). "The first prong is measured using 'prevailing professional norms,' and is satisfied if [the defendant] proves counsel's conduct consisted of errors serious enough to result in denial of the counsel guaranteed by the Sixth Amendment." *Stein*, 2019 ND

3

291, ¶ 7, 936 N.W.2d 389 (quoting *Lindsey*, at ¶ 19). "The second prong of the *Strickland* test is satisfied in the context of a guilty plea if the defendant shows 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at ¶ 8. "To establish prejudice under *Strickland* in a plea bargain situation, the petitioner must allege facts that, if proven, would support a conclusion that rejection of the plea bargain would have been rational because valid defenses existed, a suppression motion could have undermined the prosecution's case, or there was a realistic potential for a lower sentence." *Booth*, at ¶ 9 (citing *Bahtiraj*, at ¶ 16). "No court is satisfied with a defendant's subjective, self-serving statement that, with competent advice, he would have insisted on going to trial." *Id.*; *Stein*, at ¶ 8.

[¶11] Kremer argues his attorney failed to inform him of the elements of the crimes he pleaded guilty to, and that had he known the essential elements of the crimes charged, he never would have pleaded guilty in state court. The district court found Kremer failed to prove the second prong of the *Strickland* test because Kremer faced a "significantly longer sentence of incarceration if convicted in federal court." On appeal, Kremer acknowledges he was facing a minimum mandatory 15 year sentence if convicted in federal court. By agreeing to plead guilty in state court and receive a 10 year sentence, the court found "Kremer weighed his options and selected what he believed to be [an] advantageous option." The court's findings are supported by the evidence in the record and are not clearly erroneous.

[¶12] The district court's findings are bolstered by our review of the record. After reviewing the entire record, there is nothing other than Kremer's self-serving statements made on appeal to indicate that he would not have pleaded guilty and would have insisted on going to trial. Kremer did not offer such testimony at the post-conviction hearing. At the post-conviction hearing, Kremer's counsel argued the district court at the change of plea hearing never asked Kremer whether he knowingly possessed the explicit materials found on his computers. Kremer's counsel's argument is the only indication in the record of what Kremer contends his potential defenses were. Kremer himself never testified to what he believed his defenses were. Likewise, there is no evidence

in the record to suggest there was a realistic potential for a lower sentence in either state or federal court had Kremer not pled guilty.

[¶13] Kremer has failed to establish he was prejudiced by his counsel's alleged deficient performance. Because Kremer has failed to establish the second prong of the *Strickland* test, we do not address whether his counsel's performance was deficient.

B

[¶14] Kremer argues he should be allowed to withdraw his guilty pleas because the district court did not comply with N.D.R.Crim.P. 11(b)(1)(F), 11(b)(3), and 11(b)(4)(A).

[¶15] "The provisions of N.D.R.Crim.P. 11 'are mandatory and substantial compliance is required to ensure a defendant knowingly and voluntarily enters a guilty plea.'" *Peterson*, 2019 ND 140, ¶ 6, 927 N.W.2d 74 (quoting *State v. Yost*, 2018 ND 157, ¶ 17, 914 N.W.2d 508). "The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea." *Id.* "[A]lthough N.D.R.Crim.P. 11 does not require ritualistic compliance, a court must substantially comply with the rule's procedural requirements 'to ensure a defendant is entering a voluntary and intelligent guilty plea.'" *State v. Abuhamda*, 2019 ND 44, ¶ 10, 923 N.W.2d 498 (quoting *State v. Trevino*, 2011 ND 232, ¶ 8, 807 N.W.2d 211).

1

[¶16] Rule 11(b)(1)(F), N.D.R.Crim.P., requires the court inform the defendant of and determine that the defendant understands "the nature of each charge to which the defendant is pleading." The post-conviction court found the court substantially complied with Rule 11(b)(1). At the change of plea hearing, the following exchange took place between Kremer and the court:

THE COURT: All right. Do you have the Information? Mr. Kremer, I have the document entitled

|                  |                                                              |
|------------------|--------------------------------------------------------------|
|                  | Information. You have that in front of you; correct?        |
| THE DEFENDANT:   | Yes.                                                         |
| THE COURT:       | And you are James Richard Kremer; is that correct?          |
| THE DEFENDANT:   | Yes.                                                         |
| THE COURT:       | And this is all essentially the same type of count, Counts 1 through 5. Are you able to read and understand those counts? |
| THE DEFENDANT:   | Yes.                                                         |
| THE COURT:       | And we can waive a formal reading?                          |
| THE DEFENDANT:   | Yes.                                                         |
| THE COURT:       | All right. As I say, all Counts 1 through 5 are essentially the same count. They are possession of prohibited materials. And as has been discussed, it's child pornography. Do you understand the charge? |
| THE DEFENDANT:   | Yes.                                                         |
| THE COURT:       | In each of these five counts?                              |
| THE DEFENDANT:   | Yes.                                                         |

The court informed Kremer of and determined he understood the nature of each charge to which he was pleading. The post-conviction court did not err in concluding the district court substantially complied with Rule 11(b)(1) at the change of plea hearing.

## 2

[¶17] Rule 11(b)(3) requires the court to determine that there is a factual basis for the plea. To establish a factual basis for the plea, the court must ascertain "that the conduct which the defendant admits constitutes the offense charged

in the indictment or information or an offense included therein to which the defendant has pleaded guilty." *Froistad v. State*, 2002 ND 52, ¶ 19, 641 N.W.2d 86 (quoting *Libretti v. United States*, 516 U.S. 29, 38 (1995)). "The court accepting the plea should compare the elements of the crime charged to the facts admitted to by the defendant." *Id.* (citing 24 James Wm. Moore, et al., *Moore's Federal Practice* § 611.08[1] (3d ed. 2001)). A district court "may conclude that a factual basis exists from anything that appears in the record." *Mackey v. State*, 2012 ND 159, ¶ 13, 819 N.W.2d 539 (quoting *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007)); *see Froistad*, at ¶ 21.

[¶18] At the beginning of Kremer's change of plea hearing, the State offered the following information to the court:

> In 2013, members of the FBI executed a search warrant on Mr. Kremer's residence and located I believe an external hard drive that contained 197 files of child pornography, including two videos, which I believe count as 75 images individually.
>
> Mr. Kremer initially denied that he knew what he was looking for. However, in the discovery that the State has provided, Mr. Kremer's searches were particularly on point for finding child pornography on the black web and uTorrent using specific code words, as alleged in the Complaint, through the descriptions and hash values of these images they contained graphic portrayals of minors. I believe, according to the discovery, like I mentioned, that has been provided, these minors were prepubescent, some appeared to be as young as three years old, being both orally and vaginally penetrated.

After these remarks by the State, Kremer waived his preliminary hearing. After Kremer pled guilty, the court determined there was an adequate factual basis to accept Kremer's pleas:

| THE COURT: | You earlier heard Ms. Pierson outline some of the reasons for the plea as it was given here, the plea agreement that was given here. That they found a hard drive that contained numerous images of child pornography including some videos. You heard all that, correct? |
| --- | --- |

THE DEFENDANT:     Correct.

THE COURT:     And, Ms. Pierson, would that have been your factual basis in support of the guilty pleas in this matter?

MS. PIERSON:     More or less, Your Honor.

. . . .

THE COURT:     The Court will find that there is an adequate factual basis to accept the Defendant's plea.

In addition, present in the record is an affidavit of FBI agent Snyder specifically detailing the materials found on Kremer's computers, how these materials were likely obtained, and statements made by Kremer regarding the materials. Based on the information provided by the State at the change of plea hearing and the affidavit of FBI agent Snyder, the district court did not err in finding there was an adequate factual basis for Kremer's guilty pleas. The district court complied with Rule 11(b)(3).

3

[¶19] Rule 11(b)(4) states:

> (4) Acknowledgement by Defendant. Before entering judgment on a guilty plea, the court must determine that the defendant either:
>
>> (A) acknowledges facts exist that support the guilty plea; or
>>
>> (B) while maintaining innocence, acknowledges that the guilty plea is knowingly, voluntarily and intelligently made by the defendant and that evidence exists from which the trier of fact could reasonably conclude that the defendant committed the crime.

Rule 11(b)(4) was adopted in 2014 and "requires the court to obtain an acknowledgement from the defendant on whether the defendant is admitting guilt, or instead is maintaining innocence but pleading guilty because evidence exists from which the trier of fact could reasonably conclude the defendant

8

committed the crime." N.D.R.Crim.P. 11(b)(4) (explanatory note). The latter instance is more commonly known as an *Alford* plea. *North Carolina v. Alford*, 400 U.S. 25 (1970). Kremer did not enter *Alford* pleas, so subsection (B) is inapplicable here. Therefore, the district court was required to obtain an acknowledgement from Kremer on whether he was admitting guilt.

[¶20] After entering his guilty pleas, the following exchange took place between the district court and Kremer:

> THE COURT: You earlier heard Ms. Pierson outline some of the reasons for the plea as it was given here, the plea agreement that was given here. That they found a hard drive that contained numerous images of child pornography including some videos. You heard all that, correct?
>
> THE DEFENDANT: Correct.

The post-conviction court found that "[b]y acknowledging he heard the factual basis and making his guilty plea, Kremer acknowledged facts exist that support the guilty plea necessary for the Court to substantially comply with Rule 11(b)(4), N.D.R.Crim.P." Although we would have preferred a more definitive acknowledgement by Kremer that facts existed to support his plea, we agree with the post-conviction court's finding that the court substantially complied with Rule 11(b)(4) by receiving an acknowledgment from Kremer that he heard the factual basis outlined by the State's Attorney.

C

[¶21] Kremer failed to establish he received ineffective assistance of counsel or that the district court failed to substantially comply with N.D.R.Crim.P. 11. Therefore, Kremer failed to prove his guilty pleas were not knowingly or intelligently entered into. The post-conviction court did not abuse its discretion in finding a manifest injustice did not exist to allow Kremer to withdraw his guilty pleas.

9

## III

[¶22] The remaining arguments raised by the parties are either without merit or unnecessary to the outcome of our decision.

## IV

[¶23] The district court's order is affirmed.

[¶24] Gerald W. VandeWalle
  Jerod E. Tufte
  Daniel J. Crothers
  Lisa Fair McEvers
  Jon J. Jensen, C.J.