2011 ND 126

**Kenneth MURCHISON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20100281.**

Supreme Court of North Dakota.

June 27, 2011.

Kenneth Murchison, self-represented, Talladega, AL, petitioner and appellant; submitted on brief.

Tyrone J. Turner, Assistant State's Attorney, Bismarck, ND, for respondent and appellee; submitted on brief.

KAPSNER, Justice.

[¶ 1] Kenneth Murchison appeals the district court order summarily denying his application for post-conviction relief. We conclude Murchison failed to establish he received ineffective assistance of counsel in his direct appeal. The other issues Murchison based his application for post-conviction relief upon are barred by res judicata or are without merit. Accordingly, we affirm.

I

[¶ 2] Kenneth Murchison was convicted of the felony offense of assault on a correctional institution employee, and the judgment was entered on November 3, 2003. Represented by an attorney, Murchison appealed his conviction arguing he was

denied a fair trial because he received ineffective assistance of counsel, and he was denied the right to an impartial and unbiased trial judge. *See State v. Murchison*, 2004 ND 193, 687 N.W.2d 725. This Court held Murchison waived the issue of whether he was denied effective assistance of counsel at his preliminary hearing, and he failed to demonstrate the trial judge was prejudiced or biased. *Id.* at ¶ 17.

[¶ 3] In July 2010, Murchison filed an application for post-conviction relief in the district court. Murchison argued his due process rights were violated because the arraignment, preliminary hearing, pretrial hearing, and trial were held on the same day. Murchison claimed he was denied the right to a speedy trial. Murchison argued the trial judge abused her discretion by not accepting a plea bargain and by refusing to recuse herself after Murchison claimed she had once prosecuted him. Finally, Murchison argued he received ineffective assistance of counsel during his trial and during his appeal to this Court. The State moved for summary judgment and dismissal of Murchison's application for post-conviction relief. The district court granted the State's motion, and Murchison appealed.

## II

[¶ 4] An application for post-conviction relief may be denied because of res judicata: "An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding." N.D.C.C. § 29–32.1–12(1). Res judicata is an affirmative defense to be pleaded by the State. N.D.C.C. § 29–32.1–12(3).

[¶ 5] In the post-conviction relief proceedings, the State argued the pretrial procedures and the claims the trial judge was biased were already adjudicated on Murchison's direct appeal. Citing *Murchison*, 2004 ND 193, 687 N.W.2d 725, the district court concluded the issues had already been considered on appeal, and this Court already decided the trial court had not erred. We agree Murchison's claims were barred by res judicata and could not be raised again. "The doctrine of res judicata cannot be avoided when a post-conviction applicant raises contentions which are 'simply variations' of previous arguments." *Murchison v. State*, 2003 ND 38, ¶ 16, 658 N.W.2d 320.

## III

[¶ 6] Murchison argued he was denied his right to a speedy trial. The State argued Murchison's claim was without legal or factual merit, and the district court concluded Murchison had not been denied his right to a speedy trial.

[¶ 7] Under the Uniform Mandatory Disposition of Detainers Act, "Within ninety days after the *receipt* of the request and certificate by the court and prosecuting official ... the indictment, information, or complaint must be brought to trial...." N.D.C.C. § 29–33–03 (emphasis added). This Court has stated, "the trigger for the ninety-day period is when the prosecuting official and the court in which the untried complaint is filed *receive* the inmate's request for disposition of the detainer." *State v. Ripley*, 548 N.W.2d 24, 26–27 (N.D.1996) (emphasis added). Murchison's request for disposition of detainers was received and filed on August 7, 2003, and the trial was held within ninety days on October 30, 2003. Murchison argued the ninety-day period should have begun when he signed the request for disposition of detainers, not when it was received. The district court did not err in deciding his argument was without merit.

## IV

[¶ 8] Murchison argued he received ineffective assistance of counsel in his direct appeal before this Court, because his attorney did not sufficiently communicate with him, and his attorney waived oral argument.

To establish a claim of ineffective assistance of counsel a defendant "has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance." "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" To prevail on an ineffective assistance of counsel claim, "[t]he defendant must first overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" "Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight."

"To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result." "A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . ." *State v. Myers*, 2009 ND 141, ¶¶ 14–15, 770 N.W.2d 713 (quotations and citations omitted); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[¶ 9] Murchison failed to meet his heavy burden of proving ineffective assistance of counsel. Murchison claimed he did not receive the appellate briefs or this Court's decision, but he failed to state how he was prejudiced or how the result would have been any different. Further, his attorney's decision to waive oral argument cannot alone be considered ineffective assistance of counsel. Because Murchison failed to demonstrate he was prejudiced by his attorney's conduct, the district court did not err in denying his application for post-conviction relief. *See Myers*, 2009 ND 141, ¶ 16, 770 N.W.2d 713 (citing *State v. Schweitzer*, 2007 ND 122, ¶ 24, 735 N.W.2d 873; *Flanagan v. State*, 2006 ND 76, ¶ 17, 712 N.W.2d 602).

## V

[¶ 10] We have considered the other issues cited by the parties and deem them to be without merit or insufficiently raised, and they do not affect our disposition of this case. We affirm the district court order summarily denying Murchison's application for post-conviction relief.

[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and M. RICHARD GEIGER, D.J., concur.

[¶ 12] The Honorable M. RICHARD GEIGER, D.J., sitting in place of SANDSTROM, J., disqualified.