2012 ND 181

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Gerald Ray MIDDLETON, Defendant and Appellant.**

**No. 20120082.**

Supreme Court of North Dakota.

Aug. 30, 2012.

Meredith H. Larson (argued) and Mark J. McCarthy (appeared), Assistant State's Attorneys, Grand Forks, N.D., for plaintiff and appellee.

Blake D. Hankey, Grand Forks, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Gerald Middleton appeals from a criminal judgment entered after a jury found him guilty of continuous sexual abuse of a child and corruption of a minor. Middleton argues the district court erred in denying his motion to release the vic-

tim's medical records and the State engaged in prosecutorial misconduct during closing argument. We affirm, concluding Middleton failed to properly preserve the issues he raised on appeal.

I

[¶2] Middleton was charged with continuous sexual abuse of a child and corruption of a minor. Middleton requested discovery, including the victim's medical records. The district court denied his motion, ruling the records were privileged or confidential and were not subject to disclosure. A jury trial was held. During the State's closing argument, the prosecutor showed the jury pictures of the child during the years the alleged sexual abuse occurred. Middleton objected, but the court overruled his objection. The jury found Middleton guilty of both charges.

[¶3] After the trial, Middleton moved for a new trial. The brief in support of Middleton's motion stated, "Under Rule 33 of the North Dakota Rules of Criminal Procedure, the court may grant a new trial to the defendant if required in the interest of justice. *State v. Kraft*, 413 N.W.2d 303, 308 (N.D.1987)." The district court denied Middleton's motion, ruling Middleton failed to include any legal arguments or facts to support his motion. Middleton was sentenced and a judgment was subsequently entered.

II

[¶4] Middleton argues the district court erred in denying his motion to release the victim's medical records, the State engaged in prosecutorial misconduct during closing arguments by showing the jury photographs of the victim, and the court erred in allowing the State to present the photographs because they were not disclosed prior to trial and were not admissible. The State argues Middleton is pre-cluded from raising these issues on appeal because the issues were not properly preserved in his motion for a new trial.

[¶5] A defendant may move for a new trial under N.D.R.Crim.P. 33. A motion for a new trial must specify the alleged defects and errors with particularity. N.D.R.Crim.P. 33(a). A defendant is required to assert all alleged errors in a motion for new trial. *State v. Jordheim*, 508 N.W.2d 878, 880–81 (N.D.1993). A motion for a new trial is not necessary for appellate review, but if a defendant moves for a new trial he is limited on appeal to the grounds presented to the district court in the motion. *State v. Zajac*, 2009 ND 119, ¶8, 767 N.W.2d 825; *see also State v. Hernandez*, 2005 ND 214, ¶34, 707 N.W.2d 449; *State v. Syring*, 524 N.W.2d 97, 100 (N.D.1994); *Jordheim*, at 880–81.

[¶6] Middleton is limited on appeal to the issues he raised in his motion for a new trial. Middleton argued he was entitled to a new trial in the interest of justice. Middleton did not specify the defects and errors with particularity and he did not argue that the court erred in denying his motion to release medical records or that the State engaged in prosecutorial misconduct. We conclude Middleton failed to preserve the issues he raised in his appeal.

[¶7] Middleton has not asked that we apply N.D.R.Crim.P. 52(b) and review the issues he raised on appeal for obvious error. Under N.D.R.Crim.P. 52(b), "[a]n obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." Rule 52(b), N.D.R.Crim.P., applies to both the district court and this Court. Some of our prior decisions predating and postdating the adoption of N.D.R.Crim.P. 52(b) may lead to the conclusion that we apply obvious

error to any issue that was raised on appeal but not raised in the motion for a new trial. *See City of Fargo v. McLaughlin,* 512 N.W.2d 700, 703 (N.D.1994); *State v. Kopp,* 419 N.W.2d 169, 173 (N.D.1988); *State v. Glass,* 29 N.D. 620, 151 N.W. 229, 234 (1915). However, that conclusion is not accurate. Rather, we will apply obvious error only "to prevent an unjust conviction," *Glass,* at 234, or the "exceptional situations where the defendant has suffered serious injustice." *McLaughlin,* at 703. This case does not meet that criteria and we will not review the issues Middleton raised on appeal for obvious error.

III

[¶ 8]   We affirm the judgment.

[¶ 9]   DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.