2014 ND 144

**Gerald Ray MIDDLETON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130395.**

Supreme Court of North Dakota.

July 17, 2014.

James A. Teigland (argued) and Nicholas D. Thornton (on brief), Fargo, ND, for petitioner and appellant.

Mark J. McCarthy, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

CROTHERS, Justice.

[¶ 1] Gerald Ray Middleton appeals from a district court order denying his application for postconviction relief. We affirm because trial counsel's procedurally deficient motion for a new trial was not proven to prejudice Middleton.

I

[¶ 2] Middleton was found guilty by a jury of continuous sexual abuse of a child, a class AA felony, and corruption of a minor, a class C felony. After the trial, attorney Steven M. Light, now deceased, was substituted as Middleton's new counsel. Middleton then moved for a new trial. The brief in support of Middleton's motion stated, in its entirety:

*FACTS*

On April 5, 2010, Gerald Middleton (hereinafter "Middleton") was charged via Information with Continuous Sexual

Abuse of a Child, a Class AA Felony, and Corruption of a Minor, a Class C Felony. A Jury Trial commenced October 24, 2011. On October 29, 2011, the jury returned a verdict of Guilty on both counts.

*LAW*

Under Rule 33 of the North Dakota Rules of Criminal Procedure, the court may grant a new trial to the defendant if required in the interest of justice. *State v. Kraft,* 413 N.W.2d 303, 308 (N.D. 1987).

Respectfully submitted this 8th day of November, 2011.

The district court denied Middleton's motion, ruling Middleton failed to include any legal arguments or facts to support his motion. Middleton was sentenced, and a judgment was subsequently entered. Light died three months after submitting the brief in support of the new trial motion.

[¶ 3] Represented by new counsel, Middleton filed a direct appeal, arguing the district court erred in denying his pretrial motion to release the victim's medical records and the State engaged in prosecutorial misconduct during closing argument. *See State v. Middleton,* 2012 ND 181, ¶ 4, 820 N.W.2d 738. This Court determined Middleton had not preserved his issues for appeal because they were not included in his motion for a new trial. *Id.* at ¶ 6. This Court also determined it would not review the issues for obvious error because review for obvious error under N.D.R.Crim.P. 52(b) is allowed only "to prevent an unjust conviction," or in "exceptional situations where the defendant has suffered serious injustice," and neither of those situations applied. *Middleton,* at ¶ 7 (citations omitted). We affirmed the judgment of conviction. *Id.* at ¶ 8.

[¶ 4] Middleton filed an application for postconviction relief, arguing his trial counsel and appellate counsel were ineffective on four grounds. With respect to Light, Middleton argued, "Post-trial counsel filed a substantively deficient motion for new trial thereby effectively denying Mr. Middleton direct appellate review of his case by the North Dakota Supreme Court[.]" After an evidentiary hearing, the district court denied Middleton's application for postconviction relief. Regarding Middleton's postconviction claims about Light, the district court held:

"D. Middleton failed to show how the results of his appeal would have been different if appellate counsel's Motion for a New Trial was laden with more legal arguments and facts to support his position.

"The North Dakota Supreme Court applied N.D.R.Crim.P. 52(b) to Middleton's appeal. *State v. Middleton,* 2012 ND 181, ¶ 7, 820 N.W.2d 738, 739–40. The Supreme Court found that Mr. Middleton had not 'suffered serious injustice,' and thus he was not entitled to a review of the issues for obvious error. *Id.* Consequently, the Court found appellate counsel's performance did not deny Mr. Middleton the opportunity for direct appellate review by the North Dakota Supreme Court.

"Here, Middleton was afforded an opportunity for an evidentiary hearing. The only evidence produced by Middleton at the evidentiary hearing was evidence of dissatisfaction with his trial attorney and his appellate attorney. There was no evidence presented to establish how a longer preparation time would have changed the outcome of the trial or that trial counsel failed to present relevant evidence that would have changed the outcome of the trial."

Middleton appeals from the district court order denying his application for postconviction relief, challenging only the district court's ruling as it pertains to Light's representation.

## II

[¶ 5] Middleton argues the district court committed reversible error in denying his application for postconviction relief. Postconviction proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Moore v. State*, 2007 ND 96, ¶ 8, 734 N.W.2d 336. "The petitioner has the burden of establishing grounds for post-conviction relief." *Id.* This Court's standard of review for postconviction proceedings has been clearly established:

"A trial court's findings of fact in a postconviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a postconviction proceeding."

*Broadwell v. State*, 2014 ND 6, ¶ 5, 841 N.W.2d 750 (citations and internal quotation marks omitted).

## III

[¶ 6] Middleton argues Light provided ineffective assistance of counsel in filing his motion for a new trial.

"The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this court. To succeed on a claim for ineffective assistance of counsel, a petitioner must prove counsel's performance fell below an objective standard of reason-

ableness and the deficient performance prejudiced him. Even where the court finds that counsel's representation fell below an objective standard of reasonableness, prejudice is not normally assumed. Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial. Courts need not address both elements of the ineffective assistance of counsel test, and if a court can dispose of the case by addressing only one element, it is encouraged to do so."

*Broadwell*, 2014 ND 6, ¶ 7, 841 N.W.2d 750 (citations and internal quotation marks omitted). "To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result." *Murchison v. State*, 2011 ND 126, ¶ 8, 799 N.W.2d 360 (quoting *State v. Myers*, 2009 ND 141, ¶ 15, 770 N.W.2d 713). "A reasonable probability is a probability sufficient to undermine confidence in the outcome...." *Murchison*, at ¶ 8 (quoting *Myers*, at ¶ 15).

### A

[¶ 7] As we noted in *Middleton:*

"A defendant may move for a new trial under N.D.R.Crim.P. 33. A motion for a new trial must specify the alleged defects and errors with particularity. N.D.R.Crim.P. 33(a). A defendant is required to assert all alleged errors in a motion for new trial. *State v. Jordheim,*

508 N.W.2d 878, 880–81 (N.D.1993). A motion for a new trial is not necessary for appellate review, but if a defendant moves for a new trial he is limited on appeal to the grounds presented to the district court in the motion. *State v. Zajac*, 2009 ND 119, ¶ 8, 767 N.W.2d 825; *see also State v. Hernandez*, 2005 ND 214, ¶ 34, 707 N.W.2d 449; *State v. Syring*, 524 N.W.2d 97, 100 (N.D.1994); *Jordheim*, at 880–81."

2012 ND 181, ¶ 5, 820 N.W.2d 738.

[¶ 8] Light died three months after filing the new trial motion and brief and was therefore unavailable to explain this course of action. However, even granting all reasonable inferences that can be drawn from the record, we conclude Light's performance was objectively unreasonable. *Cf. Heckelsmiller v. State*, 2004 ND 191, ¶ 9, 687 N.W.2d 454 (granting trial counsel all reasonable inferences that could be drawn from the record, but concluding trial counsel's performance was ineffective). The brief in support of Middleton's new trial motion failed to specify *any* error. The entire motion was procedurally deficient. New trial motions are not mandatory to preserve issues for appeal; Middleton could have raised any appealable issue without first moving for a new trial. Generally, the rules of professional conduct prohibit an attorney from raising a meritless argument. *See* N.D.R.Prof. Conduct 3.1. Although we have noted that attorneys sometimes have no choice but to represent an indigent individual on what the attorney believes is a meritless appeal, *see State v. Lewis*, 291 N.W.2d 735, 738 (N.D.1980), the concerns associated with that situation are inapplicable here because no similar right exists to a new trial motion. We therefore conclude Light's representation fell below an objective standard of reasonableness when he filed a procedurally deficient new trial motion.

B

[¶ 9] Middleton argues the district court misapplied the law when it equated this Court's direct appeal holding that no obvious error existed to a holding that Light's actions were not prejudicial. The district court reasoned:

"The North Dakota Supreme Court applied N.D.R.Crim.P. 52(b) to Middleton's appeal. *State v. Middleton*, 2012 ND 181, ¶ 7, 820 N.W.2d 738, 739–40. The Supreme Court found that Mr. Middleton had not 'suffered serious injustice,' and thus he was not entitled to a review of the issues for obvious error. *Id.* Consequently, the Court found appellate counsel's performance did not deny Mr. Middleton the opportunity for direct appellate review by the North Dakota Supreme Court."

Contrary to the district court's holding, we did not evaluate the performance of Middleton's attorneys in *Middleton*, 2012 ND 181, 820 N.W.2d 738. Our decision there dealt only with the issues raised by Middleton on appeal, and none included ineffective assistance of counsel. *See id.* at ¶ 4. Furthermore, the obvious error standard we used in *Middleton* cannot be substituted when evaluating prejudice under the ineffective assistance of counsel standard.

[¶ 10] Under N.D.R.Crim.P. 52(b), "[a]n obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." This Court's explanation of whether a defendant's substantial rights have been affected is similar to the language used to determine prejudice under an ineffective assistance of counsel analysis. *Compare City of Fargo v. Erickson*, 1999 ND 145, ¶ 13, 598 N.W.2d 787

("If this court decides a trial court erred in admitting evidence, we must then decide whether the error was so prejudicial that a defendant's substantial rights were affected and a different decision would have resulted without the error."), *and State v. Olander*, 1998 ND 50, ¶¶ 12–15, 575 N.W.2d 658 (holding that, in order to affect substantial rights, an error "must have been prejudicial, or affected the outcome of the proceeding"), *with Murchison*, 2011 ND 126, ¶ 8, 799 N.W.2d 360 ("To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result.") (citation omitted). However, as this Court noted in *Middleton,* an added limitation exists: the obvious error standard only will be applied "to prevent an unjust conviction," or in "exceptional situations where the defendant has suffered serious injustice." 2012 ND 181, ¶ 7, 820 N.W.2d 738 (citations omitted). Thus, the standard for finding obvious error is higher than the standard for finding prejudice under the ineffective assistance of counsel standard, and a negative finding under the former would not automatically mean a negative finding under the latter. For this reason, the district court erred in equating our refusal to apply the obvious error standard with a finding that no prejudice existed under the ineffective assistance of counsel standard.

### C

[¶ 11]   Middleton argues he was prejudiced by Light's filing of the new trial motion and his failure to preserve any issues for appeal. The State argues, "Middleton has failed to establish, with any evidence, that Mr. Middleton's appeal would have been successful on its merits.

In other words, Middleton fails to identify the probable different result." The district court agreed with the State, as do we.

[¶ 12]   The district court found, "Middleton failed to show how the results of his appeal would have been different if appellate counsel's Motion for a New Trial was laden with more legal arguments and facts to support his position." The district court concluded:

"Middleton was afforded an opportunity for an evidentiary hearing. The only evidence produced by Middleton at the evidentiary hearing was evidence of dissatisfaction with his trial attorney and his appellate attorney. There was no evidence presented to establish how a longer preparation time would have changed the outcome of the trial or that trial counsel failed to present relevant evidence that would have changed the outcome of the trial."

[¶ 13]   Middleton's burden to show prejudice is well-established:

"To meet the prejudice prong of the *Strickland* test, the defendant bears the heavy burden of establishing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. To meet this burden the defendant must prove not only that counsel's assistance was ineffective, but must demonstrate with specificity how and where trial counsel was incompetent and must specify the probable different result if trial counsel had not performed incompetently. We have explained that, '[u]nless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remain-

ing evidence properly presented and the overall conduct of the trial.' "

*Osier v. State,* 2014 ND 41, ¶ 11, 843 N.W.2d 277 (citations omitted).

[¶ 14] Middleton has not established the existence of meritorious issues that could have been raised in either the new trial motion or the direct appeal had a new trial motion not been filed by Light. Rather, Middleton argues prejudice should be presumed because the inadequate new trial motion effectively denied him the right to appeal.

[¶ 15] In support of his per se prejudice argument, Middleton relies on that part of *Strickland v. Washington* holding, "In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Middleton also relies on *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), for the proposition he was entitled to effective assistance of counsel on his first direct appeal. He argues Light's "failure to preserve any issues for appeal is the functional equivalent of having no representation at all" because he was denied the ability to appeal.

[¶ 16] Middleton also cites to *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 571 n. 7 (1999), and cases cited therein for the proposition prejudice is presumed when counsel fails to file a direct appeal. Not cited by Middleton is our decision in *Whiteman v. State,* 2002 ND 77, ¶ 17, 643 N.W.2d 704, also holding a defendant need not demonstrate how his appeal would have been meritorious to establish prejudice by his attorney's failure to pursue a requested appeal. The cases cited by Middleton, and our *Whiteman* decision, are instructive but, ultimately, unhelpful. Middleton received his direct appeal.

*Middleton,* 2012 ND 181, 820 N.W.2d 738. His complaint therefore is not that he did not get a direct appeal; rather, that his direct appeal was stunted by counsel's defective new trial motion.

[¶ 17] Outside of the narrow circumstance where a requested direct appeal is not taken, we have held a postconviction relief applicant "must demonstrate with specificity how and where trial counsel was incompetent and must specify the probable different result if trial counsel had not performed incompetently." *Osier,* 2014 ND 41, ¶ 11, 843 N.W.2d 277. *See, e.g., Broadwell,* 2014 ND 6, ¶ 8, 841 N.W.2d 750 (applicant failed to meet burden of proving prejudice regarding trial counsel's failure to object to evidence); *Noorlun v. State,* 2007 ND 118, ¶ 13, 736 N.W.2d 477 (failure to call additional witnesses did not fall below an objective standard of reasonableness and could not have been prejudicial); *Flanagan v. State,* 2006 ND 76, ¶¶ 12–13, 712 N.W.2d 602 (applicant not prejudiced by trial counsel's failure to procure a correct jury instruction); *Laib v. State,* 2005 ND 187, ¶¶ 13–14, 705 N.W.2d 845 (applicant has failed to establish a reasonable probability that result of his criminal trial would have been different without alleged failure to object to prosecutorial misconduct and failure to challenge qualifications of State's witnesses); *State v. Steen,* 2004 ND 228, ¶¶ 19–20, 690 N.W.2d 239 (applicant failed to establish prejudice from counsel's failure to object to Steen appearing at the jury trial wearing prison clothing and when he failed to provide postconviction relief court with transcript of trial proceedings); and *Greywind v. State,* 2004 ND 213, ¶¶ 14–16, 689 N.W.2d 390 (applicant not prejudiced by counsel's alleged failure to interview additional witnesses).

[¶ 18] The dissent points out at ¶ 26 that this Court held differently in *Heckelsmiller,* 2004 ND 191, 687 N.W.2d 454.

Neither party cited *Heckelsmiller* in their briefing or at oral argument; thus, we do not have the benefit of their thoughts on whether or how that decision affects the present case. In *Heckelsmiller*, trial counsel failed to make an offer of proof or other argument to justify calling two witnesses who were excluded from testifying. *Id.* at ¶ 9. After being found guilty, Heckelsmiller filed a postconviction application alleging ineffective assistance of trial counsel. *Id.* at ¶ 2. The district court denied the postconviction application. *Id.* at ¶ 1.

[¶ 19] Reversing the district court, this Court determined Heckelsmiller's trial counsel's performance fell below an objective standard of reasonableness when he failed to make an offer of proof. *Heckelsmiller*, 2004 ND 191, ¶¶ 9–11, 687 N.W.2d 454. Regarding prejudice, this Court held, "[T]he significant point is that counsel's failure to make an offer of proof prevented a meaningful appeal on the issue of whether or not Donna and William Heckelsmiller should have been allowed to testify." *Id.* at ¶ 12. Important to our consideration of the applicability of *Heckelsmiller* to this case, Heckelsmiller identified the potentially meritorious issue of counsel's failure to make an offer of proof after trial witnesses were precluded from testifying. *Id.* at ¶¶ 6, 8–11. Subsequently, those "witnesses prepared affidavits to establish what their testimony would have been at trial." *Id.* at ¶ 6. By contrast, Middleton identified no potentially meritorious appellate issues that were precluded by trial counsel's deficient motion for new trial.

[¶ 20] As we explained above, we conclude the better rule is to reserve the per se presumption of prejudice to that narrow set of cases where counsel fails to perfect a requested appeal. *Whiteman*, 2002 ND 77, ¶ 12, 643 N.W.2d 704; *Evitts*, 469 U.S. at 396–97, 105 S.Ct. 830; *Lantzy*, 736 A.2d at 571 n. 7. We therefore decline to apply *Heckelsmiller* beyond its facts. Moreover, unlike where a requested appeal is foregone, the obvious error standard can be applied in situations like Middleton's to prevent an unjust conviction or to avoid serious injustice. *Middleton*, 2012 ND 181, ¶ 7, 820 N.W.2d 738. Middleton also received an evidentiary hearing in this postconviction relief proceeding, permitting him to marshal evidence and prove any prejudice resulting from trial counsel's deficient performance. He therefore was given an opportunity to make his case, and Middleton cannot claim to have been deprived of due process by having "nominal representation" or, essentially, "no counsel at all" as a result of trial counsel's defective performance. *See Evitts*, at 396, 105 S.Ct. 830.

## IV

[¶ 21] We affirm the district court order finding no showing was made that trial counsel's procedurally deficient motion for new trial prejudiced Middleton.

[¶ 22] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, and DALE V. SANDSTROM, JJ., concur.

KAPSNER, Justice, dissenting.

[¶ 23] I respectfully dissent from part IIIC of the majority opinion. Light's procedurally deficient new trial motion precluded all substantive review of Middleton's appellate claims. Therefore, prejudice should be presumed, ineffective assistance of counsel should be found, the district court's order should be reversed, and the case should be remanded with leave for Middleton to file a new motion for a new trial.

[¶ 24] Middleton argues he should not be required to show prejudice, and there should be a presumption of prejudice because Light's procedurally deficient motion constructively denied Middleton his right

to appeal. Middleton's argument is supported by this Court's analysis in *Heckelsmiller v. State*, 2004 ND 191, 687 N.W.2d 454. In *Heckelsmiller*, trial counsel requested the sequestration of witnesses at trial, and two potential witnesses for the defense were denied the opportunity to testify because they did not comply with the sequestration order. *Id.* at ¶ 6. At the time of the court's ruling on the witnesses' testimony, trial counsel did not make an offer of proof or any other affirmative argument to justify calling the witnesses. *Id.* at ¶ 9. After being found guilty, Heckelsmiller filed a postconviction application alleging ineffective assistance of trial counsel. *Id.* at ¶ 2. The district court denied Heckelsmiller's postconviction application. *Id.* at ¶ 1.

[¶ 25] On appeal, this Court determined Heckelsmiller's trial counsel's performance fell below an objective standard of reasonableness when he failed to make an offer of proof. *Id.* at ¶¶ 9–11. This Court reasoned "at the very least, trial counsel should have asked the court to inquire into the testimony that Donna and William Heckelsmiller did observe. If the district court judge nonetheless excluded this testimony, trial counsel would have preserved the record for appeal, permitting a meaningful appellate review of the trial judge's refusal to allow the witnesses to testify." *Id.* at ¶ 10 (citation omitted). With respect to the issue of prejudice under the ineffective assistance of counsel standard, this Court held:

> We need not speculate whether or not a reasonable probability exists that Andrew Heckelsmiller would have been acquitted of a crime requiring knowing misconduct if Donna and William Heckelsmiller were allowed to corroborate Andrew Heckelsmiller's only defense, and if William Heckelsmiller were allowed to testify. . . . Rather, the significant point is that counsel's failure to

make an offer of proof prevented *a meaningful appeal* on the issue of whether or not Donna and William Heckelsmiller should have been allowed to testify. [*State v.*] *Heckelsmiller*, 2004 ND 3, ¶ 1, 676 N.W.2d 813; *cf. Whiteman* [ *v. State* ], 2002 ND 77, ¶ 17, 643 N.W.2d 704 (overruling cases that can be construed to require defendant to demonstrate how appeal would have been meritorious in order to establish that defendant was prejudiced by attorney's failure to preserve a requested appeal).

*Id.* at ¶ 12 (emphasis added).

[¶ 26] The majority concludes that the presumption of prejudice in ineffective assistance of counsel cases should be limited to those cases where counsel fails to perfect a requested appeal. However, the holding in *Heckelsmiller* is not so limited. The crux of that case was that counsel's conduct prevented "a meaningful appeal." 2004 ND 191, ¶ 12, 687 N.W.2d 454.

[¶ 27] In this case, Middleton attempted to raise two issues in his direct appeal: "the district court erred in denying his motion to release the victim's medical records and the State engaged in prosecutorial misconduct during closing argument." *State v. Middleton*, 2012 ND 181, ¶ 1, 820 N.W.2d 738. However, because Light filed an unnecessary motion for a new trial, Middleton was limited in his direct appeal to issues raised in the new trial motion. Since Light raised no issues in the new trial motion, this Court held Middleton failed to properly preserve the issues he raised on appeal. He would not have been limited in this way had the motion for a new trial not been filed. Middleton would have been better off had Light done nothing. Light's performance in filing a procedurally deficient new trial motion prevented Middleton from receiv-

ing meaningful appellate review on any and all issues. This Court should therefore follow *Heckelsmiller* and presume prejudice occurred.

[¶ 28] The majority states in ¶ 20 that it is "declin[ing] to apply *Heckelsmiller* beyond its facts," but gives no principled basis for declining to follow this Court's own precedent. In *Heckelsmiller*, this Court found the procedural default of an attorney at trial effectively deprived a criminal defendant of a meaningful appeal on whether witnesses should have been allowed to testify, citing this Court's per curiam affirmance of Heckelsmiller's conviction. 2004 ND 191, ¶ 12, 687 N.W.2d 454. In doing so, we equated that procedural default with the failure to file an appeal, where prejudice is presumed, by our citation to *Whiteman*, 2002 ND 77, 643 N.W.2d 704.

[¶ 29] The procedural default in this case was post-trial. The ineffectiveness of the attorney's action is blatant on the record. It eliminated *all* issues on appeal for Middleton. Prejudice does not even need to be presumed; it is obvious on the record. If the majority is concerned the holding in *Heckelsmiller* can be interpreted to presume prejudice when trial counsel's ineffectiveness prevents meaningful appeal on a single issue, that is not Middleton's situation. The procedural default in filing a motion for a new trial which identified no issues prevented appellate review of any issues. It *is* the equivalent of failing to file a notice of appeal, and the analogy here is closer to *Whiteman* than it was in *Heckelsmiller*. On postconviction relief, when the petitioner asserts ineffectiveness of counsel, the burden on the petitioner is to establish that counsel's performance was deficient and such deficiency resulted in prejudice. Both prongs are obvious on the record in this case. That being so, Middleton should be put in the position he

was in at the time counsel's performance harmed him. He should be allowed *to* file a motion for a new trial before the district court.

[¶ 30] I respectfully dissent.

[¶ 31] CAROL RONNING KAPSNER