**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0692-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIMOTHY A. ANDERSON,
a/k/a JAMIL WHITE,

    Defendant-Appellant.

_____

Submitted November 12, 2020 – Decided September 24, 2021

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-01-0130.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Hannah F. Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

OSTRER, P.J.A.D.

Defendant Timothy A. Anderson appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He argues the sentencing court erred when it resentenced him. He also argues he was denied effective assistance of trial counsel at resentencing and effective assistance of PCR counsel before the PCR court. For the reasons set forth below, we affirm.

I.

We summarized the trial record in our opinion affirming defendant's conviction on direct appeal, see State v. Anderson, A-3336-13 (App. Div. June 20, 2016) (slip op. at 2-3), and shall restate here only those facts pertinent to this appeal.

One summer day, as Cleatis Campbell approached a Newark restaurant, a stranger "snatched" Campbell's keys to his Mercedes that he had just parked nearby. Id. at 2. Campbell reported his car stolen. Ibid. The next day, a Newark police officer observed a silver Mercedes matching the description of Campbell's reported stolen vehicle. Ibid. When the officer activated his lights and sirens and pulled in front of the Mercedes, the driver, later identified as defendant, "'immediately shifted' into reverse" and drove away at a high rate of

2

speed.  Ibid.  The officer pursued the Mercedes until defendant crashed and fled on foot.  Id. at 2-3.  The officer continued to pursue defendant and eventually apprehended him.  Id. at 3.

A jury convicted defendant of third-degree theft, N.J.S.A. 2C:20-3(a) (count one); second-degree eluding, N.J.S.A. 2C:29-2(b) (count two); third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count three); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count seven).  After finding defendant was extended-term eligible, see N.J.S.A. 2C:44-3(a), the court sentenced defendant to:  twelve years with a six-year parole ineligibility period on count two, see N.J.S.A. 2C:43-7(b), four years on count three and eighteen months on count seven.  The court merged count one with count three, and ordered concurrent sentences on all counts.

On defendant's direct appeal, we remanded for resentencing because the court erroneously stated the extended-term sentencing range for defendant's eluding conviction was ten to twenty years when the correct range was five to twenty years.  Anderson, slip op. at 12.  On remand, the court acknowledged the correct sentencing range for count two, and then imposed the same sentence as before.  Defendant did not appeal from the resentence.

A-0692-18

Instead, defendant petitioned for PCR, arguing the court erred when it resentenced him because it did not properly apply and weigh the aggravating and mitigating factors. He also contended he was denied effective assistance of counsel at resentencing because his counsel "failed to orally present any of the mitigating factors," did not object to the court's "improper consideration of" the aggravating and mitigating factors, and did not object when the court relied in part on an old pre-sentence investigation (PSI) report that had been prepared four years prior to resentencing.[1]

The PCR court denied defendant's petition without an evidentiary hearing, finding defendant did not make a prima facie ineffective-assistance-of-counsel claim.

On appeal, defendant presents the following arguments:

POINT I

THE FAILURE OF SENTENCING COUNSEL TO ARGUE AGAINST A DISCRETIONARY PAROLE DISQUALIFIER, AND HER FAILURE TO REQUEST A FULL RESENTENCING AND AN UPDATED PRESENTENCE REPORT, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL. THE PCR COURT ERRED WHEN IT ERRONEOUSLY FOUND THAT THIS COURT

---

[1] Defendant presented these arguments in his counseled brief. His pro se petition simply alleged, in conclusory fashion, that trial counsel was ineffective.

A-0692-18

ORDERED A LIMITED RESENTENCING, WHEN IT FAILED TO GRANT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF, AND WHEN IT FAILED TO ORDER AN EVIDENTIARY HEARING.

A. Defendant is Entitled to Relief Under Controlling Legal Principles Governing Petitions for Post-Conviction Relief Pursuant to [Rule] 3:22-2.

B. The Court Below Erred in Finding That This Court's Remand was for Something Less Than a Full Resentencing.

C. Defendant was Denied the Effective Assistance of Counsel at Resentencing.

POINT II

ALTERNATIVELY, THIS PANEL MUST REVERSE THE PCR COURT'S DENIAL OF POST-CONVICTION RELIEF AND REMAND THE MATTER FOR A NEW PROCEEDING BECAUSE PCR COUNSEL'S LEGAL REPRESENTATION FELL BELOW THE PROFESSIONAL STANDARD REQUIRED BY [RULE] 3:22-6(d). (Not Raised Below).

II.

We decline to reach defendant's arguments that the trial court, on remand, erred in resentencing him. Because defendant could have raised the arguments on direct appeal, we may not consider them on collateral review.

"[P]ost-conviction relief is not a substitute for direct appeal." State v. Szemple, 247 N.J. 82, 97 (2021); see R. 3:22-3. Thus, a defendant "may not use

post-conviction relief to assert a new claim that could have been raised on direct appeal." State v. McQuaid, 147 N.J. 464, 483 (1997). "Rule 3:22-4(a) bars petitions that rely on grounds that could reasonably have been — but were not — raised during direct appeal, unless an exception applies." Szemple, 247 N.J. at 98. Because we find no exception applies, we hold that Rule 3:22-4(a) bars defendant's arguments relating to the sentencing court's errors at resentencing because defendant could have raised them on direct appeal.

## III.

We turn next to defendant's ineffective-assistance-of-counsel claims.

As the trial court did not conduct an evidentiary hearing on defendant's PCR petition, "we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). We also review issues of law de novo. Harris, 181 N.J. at 419.

To evaluate defendant's ineffective-assistance-of-counsel claims, we apply the familiar two-pronged standard in Strickland v. Washington, 466 U.S. 668 (1984), which our Court adopted in State v. Fritz, 105 N.J. 42 (1987). To prevail on an ineffective-assistance-of-counsel claim, a defendant must establish: (1) his counsel performed deficiently and made errors so egregious he

6

or she was not functioning effectively as the Sixth Amendment guarantees; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. The defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[B]ald assertions" are not sufficient to establish a prima facie claim of ineffective assistance of counsel. Ibid.

### A.

Defendant argues his counsel at resentencing was ineffective because she failed to seek a full resentencing; she did not argue at resentencing that the aggravating factors did not substantially outweigh the mitigating factors; she did not argue against a discretionary parole disqualifier; and she did not seek an updated PSI report.

It appears defendant contends his counsel was ineffective by failing to make these arguments orally at resentencing. Defense counsel evidently submitted a written sentencing memorandum, and relied on that in lieu of an oral argument.[2] In defendant's counseled brief to the PCR court, he argued that his

---

[2] Counsel stated: "Judge, I submitted a brief . . . outlining defense's position and also highlighting a number of mitigating factors that have come up since

counsel was ineffective by failing to "orally present" mitigating factors. Before us, defendant argues that trial counsel was ineffective by failing to present arguments "at resentencing." Defendant's argument lacks merit. Choosing to waive oral argument and to rest on a written memorandum is not, standing alone, ineffective assistance of counsel. See Murchison v. State, 799 N.W.2d 360, 363 (N.D. 2011); Arce v. Smith, 710 F. Supp. 920, 933 (S.D.N.Y. 1989). A defendant must demonstrate why, under the circumstances of a particular case, it was ineffective to rest on one's papers. Defendant has not done so here.

The issue, then, is whether counsel ineffectively failed to present essential sentencing arguments, either orally or in writing, and whether defendant suffered prejudice from that omission. However, we cannot adequately address that issue because defendant has failed to provide us with counsel's written sentencing memorandum.

Rule 2:6-1(a)(1)(I) requires an appellant to include in his or her appendix "such other parts of the record . . . as are essential to the proper consideration of the issues." Without counsel's sentencing memorandum, we cannot determine what counsel argued, let alone decide whether the arguments were inadequate,

---

Mr. Anderson's incarceration. I rely upon that." She then called on defendant to make a statement. Defendant indicated that counsel also submitted letters to the court on his behalf.

A-0692-18

and caused defendant prejudice. We are not "obliged to attempt review of an issue when the relevant portions of the record are not included." Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005); see also State v. Cordero, 438 N.J. Super. 472, 489 (App. Div. 2014). Thus, on the record before us, we reject defendant's argument that he received ineffective assistance of counsel at resentencing.

B.

Defendant argues the PCR court erred by denying his PCR petition without conducting an evidentiary hearing. To obtain an evidentiary hearing on a PCR petition, a defendant must establish a prima facie case for relief, demonstrate there are material issues of disputed fact, and show that an evidentiary hearing is needed to resolve the claims. R. 3:22-10(b). We review an order declining to hold an evidentiary hearing for an abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992). We discern no abuse of discretion here because, as noted, defendant has failed to provide the pertinent parts of the record supporting his ineffective-assistance-of-counsel claim and, as a result of that failure, he has not demonstrated there are fact issues requiring resolution at an evidentiary hearing.

9

Defendant also contends his PCR counsel was ineffective and otherwise violated Rule 3:22-6(d) by failing to renew an argument we found defendant made prematurely on his direct appeal. See Anderson, slip op. at 9-10. More particularly, defendant claims his PCR counsel was ineffective by failing to argue his trial counsel's performance was deficient by conceding in his opening statement that defendant took Campbell's car keys, and that defendant did so after Campbell put them on the restaurant's bar.[3] We declined to reach the issue on direct appeal. Ibid. We held that because the argument pertained to trial strategy, it involved "allegations and evidence . . . outside the trial record," id. at 10 (quoting Preciose, 129 N.J. at 460), and should be raised instead in a PCR application. However, as PCR counsel subsequently omitted that point, defendant seeks a remand for a new PCR proceeding. We decline to order one.

Rule 3:22-6(d) requires PCR counsel to "advance all of the legitimate arguments requested by the defendant that the record will support," and, "[i]f defendant insists upon the assertion of any grounds for relief that counsel deems

---

[3] Defense counsel conceded theft to defend against a robbery charge. However, at the close of the State's case, the court dismissed the robbery charge on the State's motion, evidently because Campbell's testimony presented inadequate proof of the use of force. See N.J.S.A. 2C:15-1 (defining robbery).

to be without merit," then PCR counsel must "list such claims in the petition . . . or incorporate them by reference." The Rule requires PCR counsel to "communicate with his [or her] client," "investigate the claims," and "then . . . 'fashion the most effective arguments possible.'" State v. Hicks, 411 N.J. Super. 370, 375 (App. Div. 2010) (quoting State v. Rue, 175 N.J. 1, 18 (2002)). If PCR counsel fails to meet Rule 3:22-6(d)'s requirements, then the remedy is a new PCR proceeding, which is not predicated on a finding of ineffective assistance of counsel under Strickland, but is, instead, predicated on the Rule. Id. at 376.

But we cannot conclude on this record that PCR counsel failed to adhere to Rule 3:22-6(d). Defendant has not provided a certification detailing his interactions with PCR counsel or stating if they ever met to discuss defendant's case, and defendant failed to provide any competent evidence that PCR counsel did not otherwise communicate with defendant, investigate claims, and proffer the most effective arguments. See Hicks, 411 N.J. Super. at 375. We therefore cannot find a new PCR proceeding is necessary based on a violation of the Rule.

We also decline to reach defendant's alternative argument that PCR counsel was ineffective by not arguing defendant's trial counsel erred by conceding defendant took the car keys. However, claims of ineffective

11

assistance of PCR counsel made for the first time on direct appeal from a denial of a PCR petition often require consideration of facts outside of the PCR record, and, therefore, must be first raised in a separate PCR petition before the trial court. Similarly, defendant's claim his PCR counsel violated Rule 3:22-6(d) is founded on facts that exist outside of the current record. We express no opinion on those claims because they must be first raised in appropriate applications to the trial court. See R. 3:22-4(b)(2)(C) (providing a timely second PCR petition will not be dismissed if it "alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief").

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0692-18