FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JANUARY 6, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 4

Cody Muscha,                                    Plaintiff and Appellant

v.

Jessica Krolik,                                   Defendant and Appellee

and

State of North Dakota,              Statutory Real Party in Interest

## No. 20210179

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Theresa L. Kellington, Bismarck, N.D., for plaintiff and appellant; submitted on brief.

Jonathan L. Huber, Mandan, N.D., for defendant and appellee; submitted on brief.

**Muscha v. Krolik**
**No. 20210179**

**Tufte, Justice.**

[¶1]   Cody Muscha appeals from a judgment awarding Jessica Krolik primary residential responsibility of the couple's children and ordering Muscha to pay child support. Muscha argues the district court abused its discretion in admitting and considering evidence in this case that had been suppressed in a criminal case involving Muscha; the court erred in finding the presumption against residential responsibility found in N.D.C.C. § 14-09-06.2(1)(j) had been triggered; and the court's individual findings regarding the other best interest factors, including its award of primary residential responsibility to Krolik, were clearly erroneous.

I

[¶2]   Muscha argues the court abused its discretion in admitting and considering evidence that had been suppressed in Muscha's criminal case. The court in the criminal case, as a result of the investigating officer acting outside his territorial jurisdiction, suppressed Muscha's statements involving domestic violence committed against Krolik. Muscha argues that because the recording was suppressed in his criminal case, the confession must also be suppressed in this civil proceeding.

[¶3]   The United States Supreme Court set forth the exclusionary rule in *Mapp v. Ohio*, 367 U.S. 643 (1961), holding that evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the unreasonable search or seizure. Since the inception of the exclusionary rule, the Supreme Court has been asked to extend it beyond the criminal trial. The Court has expressly and repeatedly refused to do so. *Pa. Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 363 (1998) (holding the exclusionary rule does not apply in parole revocation hearings); *United States v. Janis*, 428 U.S. 433, 454 (1976) (holding the exclusionary rule does not apply in civil tax proceedings); *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050 (1984) (holding the exclusionary rule does not apply in civil deportation proceedings);

1

*United States v. Calandra*, 414 U.S. 338, 349–50 (1974) (holding the exclusionary rule does not apply in grand jury proceedings). Because the "prime purpose" of the exclusionary rule is "to safeguard Fourth Amendment rights" and "deter future unlawful police conduct," the rule is inapplicable to civil proceedings. *Janis*, 428 U.S. at 446–47 (stating "the Court never has applied [the exclusionary rule] to exclude evidence from a civil proceeding, federal or state").

[¶4]   We have applied the Fourth Amendment exclusionary rule in criminal matters since *State v. Govan*, 123 N.W.2d 110, 113–14 (N.D. 1963), and *State v. Manning*, 134 N.W.2d 91, 99 (N.D. 1965). And we have also repeatedly refused to apply the exclusionary rule to noncriminal proceedings. *See Burgess v. N.D. DOT*, 2011 ND 226, ¶ 2, 806 N.W.2d 438 (per curiam) (stating "the exclusionary rule does not apply to civil proceedings"). Therefore, we conclude that an order suppressing evidence in a criminal case is not sufficient to require exclusion of the same evidence in a subsequent civil case. Subject to other evidentiary requirements, the evidence may be admissible in a subsequent civil trial, as in this case. Thus, the district court did not abuse its discretion in admitting or considering the confession.

II

[¶5]   The court's findings under the best interest factors, its application of the N.D.C.C. § 14-09-06.2(1)(j) presumption, and its ultimate finding applying those factors to award primary residential responsibility to Krolik were not clearly erroneous. Upon our review of the entire record, we summarily affirm the remainder of the judgment under N.D.R.App.P. 35.1(a)(2).

[¶6]   Jon J. Jensen, C.J.
          Gerald W. VandeWalle
          Daniel J. Crothers
          Lisa Fair McEvers
          Jerod E. Tufte

2